UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALYSSA BURNTHORNE-MARTINEZ**, <br> Plaintiff, <br> v. <br> **SEPHORA USA, INC.**, <br> Defendant. | Case No. 16-cv-02843-YGR <br><br> **ORDER REGARDING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> Re: Dkt. No. 21 |

Plaintiff Alyssa Burnthorne-Martinez brings this putative class action against defendant Sephora for alleged violations of certain credit reporting act disclosure rules. (Dkt. No. 1-1, "Compl.") Specifically, plaintiff brings causes of action for violations of the following: (i) Count One, Fair Credit Reporting Act ("FCRA"), 15 U.S.C. section 1681b(b)(2)(A); (ii) Count Two, FCRA, 15 U.S.C. section 1681g(c); (iii) Count Three, Investigative Consumer Reporting Agencies Act ("ICRAA"), California Civil Code sections 1786 *et seq.*; and (iv) Count Four, Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code sections 1785 *et seq.*

Now before the Court is defendant's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on Counts One, Three, and Four. Having carefully considered the pleadings, the papers and exhibits submitted on the motion, and oral arguments held on November 14, 2016, and for the reasons set forth more fully below, the Court **DENIES** defendant's motion for judgment on the pleadings as to all counts. However, the Court also exercises its authority to **DISMISS WITHOUT PREJUDICE** plaintiff's negligence claims in Count One and plaintiff's claims in Count Four.[1]

---

[1] In connection with its motion, defendant also filed a request for judicial notice ("DRJN") of the following exhibits: (i) Exhibit A, Copy of the Web-Based Disclosure provided to plaintiff referenced in the complaint; (ii) Exhibit B, plaintiff's single-plaintiff employment discrimination case filed in state court, docket number 16-CGC-550774 (Cal. Sup. Ct. filed Mar. 3, 2016); and (iii) Exhibit C, plaintiff's putative wage-and-hour class action complaint filed in state court, docket number 16-CGC-550894 (Cal. Sup. Ct. filed Mar. 10, 2016). (Dkt. No. 22.) Defendant argues that Exhibit A is noticeable as a document incorporated by reference in plaintiff's complaint. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (holding that a complaint incorporated an electronic document when it "directly quoted the material posted on . . . web pages"); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("The rationale of the

**I.      SUMMARY OF FACTUAL ALLEGATIONS AND JUDICIALLY NOTICEABLE FACTS**

Plaintiff was employed by defendant in California from approximately September 2014 to May 2015. (Compl. ¶ 5.) Plaintiff's claims stem from her allegations that defendant "routinely acquire[s] consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on [p]laintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law." (*Id.* ¶ 2.) The following facts relate to such claims:

Plaintiff alleges that when she applied for employment, defendant "required her to fill out and sign a Document entitled 'Employment Application,'" which included an authorization to obtain her credit and background reports (the "Authorization"). (*Id.* ¶ 37.) In pertinent part, the Authorization provides:

> I certify that the facts set forth in this application for employment are true and complete. I understand that false statements or omissions on this application will result in a refusal to hire or, if discovered after I am hired, in disciplinary action up to and including the termination of my employment. I hereby grant permission to any person, firm or corporation to release to Sephora or its representatives any and all information regarding my past work or employment and my background. I waive any and all claims I might have with respect to the providing of such information.
>
> In connection with my application for employment (including contract for service) with Sephora USA, Inc. ("the Company"), I understand that investigative inquiries may be obtained on me by a consumer reporting agency, and that any such report will be used solely for employment-related purposes. I understand that the nature and scope of this investigation will include a number of sources including, but not limited to, consumer credit, criminal convictions, sex offender registries and public databases, motor vehicle, and other reports. These reports will include information as to my character, general reputation, personal

---

'incorporation by reference' doctrine applies with equal force to internet pages as it does to printed material."). With respect to Exhibits B and C, defendant argues that the Court may notice each as "matters of public record." *Lee v. Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Plaintiff also filed a request for judicial notice ("PRJN") of the following exhibits, presumably also as matters of public record: (i) Exhibit 1, Federal Trade Commission ("FTC") Advisory Opinion Letter to Hauxwell, dated June 12, 1998; and (ii) Exhibit 2, FTC Advisory Opinion Letter to Leathers, dated September 9, 1998. (Dkt. No. 23-1.) Neither party opposes the other's request for judicial notice. Accordingly, the Court **GRANTS** both requests.

> characteristics, mode of living, and work habits.  Information relating to my performance and experience, along with reasons for termination of past employment from previous employers, may also be obtained.  Further, I understand that the Company will be requesting information from various Federal, State, County, and other agencies that maintain records concerning my past activities relating to my+ driving, credit, criminal, civil, education, and other experiences.
>
> I understand that if the Company hires me, it may request a consumer report or an investigative consumer report about me for employment-related purposes during the course of my employment.  I understand that the scope of this investigation will be the same as the scope of a pre-employment investigation, and that the nature of such an investigation will be my continuing suitability for employment, or whether I possess the minimum qualifications necessary for promotion or transfer to another position.  I understand that my consent will apply throughout my employment, unless I revoke or cancel my consent by sending a signed letter or statement to the Company at any time, stating that I revoke my consent and no longer allow the Company to obtain consumer or investigative consumer reports about me.  This signed Disclosure and Consent form, whether in original, faxed, photocopied or electronic form, will be valid for any reports that may be requested by the Company.

(*Id.* ¶ 38.)[2]

Plaintiff alleges that such disclosures violate the disclosure laws because, even if the language were sufficient, they include "extraneous" information within the same document, which plaintiff argues is contrary to the dictates of the law. (*Id.* ¶¶ 40–42.)  Plaintiff highlights two opinion letters from the Federal Trade Commission ("FTC"), which warned against embedding the requisite credit reporting disclosures with other material.  Specifically, the letters stated the following:

> The disclosure may not be part of an employment application because the language [of 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not encumbered by any other information.  The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure.  (*Id.* ¶ 41.)

---

[2] Defendant indicates that the quoted language misleadingly represents the actual form that plaintiff filled out online.  As shown in RJN Exhibit A, the first paragraph of the quoted language is in a section entitled "Certification and Release" whereas the remaining paragraphs are contained in another section marked off by a heading entitled "Background Release Form Disclosure & Consent."  (Dkt. No. 22-1, RJN Ex. A.)  Plaintiff does not dispute the accuracy of this exhibit.

> [W]e note that your draft disclosure includes a waiver by the consumer of his or her rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes. (*Id.* ¶ 42.)

On these bases, plaintiff alleges that defendant is liable under Count One for violations of the FCRA, 15 U.S.C. section 1681b(b)(2)(A), and Counts Three and Four for violations of analogous state laws.[3]

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings may be granted when, accepting as true all material allegations contained in the nonmoving party's pleadings, the moving party is entitled to judgment as a matter of law. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). The applicable standard is essentially identical to the standard for a motion to dismiss under Rule 12(b)(6). *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Thus, although the Court must accept well-pleaded facts as true, it is not required to accept mere conclusory allegations or conclusions of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

In ruling on a motion for judgment on the pleadings, the Court may consider documents incorporated by reference in the pleadings and "may properly look beyond the complaint to matters of public record" that are judicially noticeable. *Mack v. S. Bay Beer Distrib., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991); *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The Court "need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" attached to the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted). Courts may also dismiss a cause of action in place of granting judgment, and may grant leave to amend where appropriate. *See, e.g.*, *In re*

---

[3] Defendant does not here move for judgment on the pleadings as to Count Two, in which plaintiff alleges defendant violated 15 U.S.C. sections 1681d(a)(1) and 1681g(c) for failure to provide proper summaries of plaintiff's rights. The Court does not further address the allegations relating to the same.

*Dynamic Random Access Memory (Dram) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1084 (N.D. Cal. 2007).

### III. DISCUSSION

#### A. COUNT ONE: FAILURE TO MAKE PROPER FCRA DISCLOSURES, 15 U.S.C. § 1681B(B)(2)(A)

To establish a private action under the FCRA, a plaintiff must demonstrate that the violation of the FCRA was either willful or negligent. *See* 15 U.S.C. §§ 1681n (establishing civil liability for willful noncompliance), 1681o (establishing civil liability for negligent noncompliance). Defendant contends that as a matter of law, plaintiff cannot sustain a claim either for a willful or negligent violation of the FCRA with respect to the allegations in Count One. The Court addresses each, in turn.

#### 1. Willful Violation of the FCRA

A "willful" violation of the FCRA is analyzed under an "objective standard: action entailing an 'unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68 (2007) (citation omitted). "[A] company subject to [the] FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69. The Supreme Court held that where the action was not "objectively unreasonable," no liability for a willful violation under the FCRA can attach. *Id.*; *see also Banga v. First USA, N.A.*, 29 F. Supp. 3d 1270, 1278 (N.D. Cal. 2014) ("If a company's interpretation of the statutory text is not 'objectively unreasonable,' the interpretation 'falls well short of raising the 'unjustifiably high risk' of violating the statute necessary for reckless liability.""). In determining whether an action was "objectively unreasonable," courts should look to: (i) the statutory text; (ii) guidance from the courts of appeals; or (iii) authoritative guidance from the FTC. *Id.* at 70.

Here, the particular provision of 15 U.S.C. section 1681b(b)(2)(A)(i), which plaintiff complains defendant violated, provides:

> Except [for certain exceptions], a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless (i) a clear and conspicuous disclosure has been made in

5

> writing to the consumer at any time before the report is procured or caused to be procured in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes . . . .[4]

Plaintiff contends that the disclosure form violates the FCRA's requirement that the document in which the disclosure appears consist "solely of the disclosure." Specifically, plaintiff argues that the web-page is a single document containing not only the requisite disclosure but also the "Certification and Release" section, in violation of the statute. (Compl. ¶ 38; RJN Ex. A.)

Defendant argues that the statute is ambiguous as to two specific terms, especially as it relates to web-based applications: (i) consisting "solely of the disclosure" and (ii) "document." 15 U.S.C. § 1681(b)(2)(A)(i). Thus, because of such ambiguities, defendant argues its decision to include all of the information on a single web-page could not have been "objectively unreasonable" under the FCRA.

With regards to the construction of consisting "solely of the disclosure," defendant cites *Syed v. M-I LLC*, No. 14-CV-742-WBS, 2014 WL 5426862 (E.D. Cal. Oct. 23, 2014) for the proposition that the term "solely" is "more flexible than at first it may appear." *Id.* at *3. On this basis, defendant argues that the "less-than-pellucid" language should weigh in favor of finding that, even if the Court were to construe the web-page as a single document, it was not objectively

---

[4] Plaintiff also alleges that the disclosures violated the "in writing" requirement of the FCRA because they fail to meet the requirements for an electronic writing pursuant to 15 U.S.C. section 7001, the E-Sign Act. Defendant argues that at least one court has found that the E-Sign Act does not create a private cause of action, *see Levy-Tatum v. Navient & Sallie Mae Bank*, No. 15-3894-JD, 2016 WL 75231, at *5 (E.D. Pa. Jan. 7, 2016), and, in any event, the E-Sign Act writing requirements do not apply to pre-employment FCRA disclosures, *see* 15 U.S.C. § 7006 (defining "consumer" in the context of the E-Sign Act as "an individual who obtains, through a transaction, products or services which are used primarily for personal, family, or household purposes, and also means the legal representative of such an individual"); *Miller v. Quest Diagnostics*, 85 F. Supp. 3d 1058, 1063 (W.D. Mo. 2015) (concluding section 7001 "consumer disclosure" requirements do not apply to FCRA disclosures to prospective employees). Plaintiff offers no authority to the contrary. Moreover, the FCRA's definition of consumer is different from the definition in the E-Sign Act. In the FCRA, a consumer is simply defined as an "individual" and a "consumer report" defined as "any written oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for" credit or insurance, employment, or other statutorily authorized uses. 15 U.S.C. § 1681a(c), (d). The Court thus finds that such allegations are insufficient to support a claim for a violation of the FCRA.

1    unreasonable to include the "Certification and Release" section.  *Id.*  Additionally, defendant

2    contends that there are no court of appeals decisions or authoritative FTC guidance construing

3    such language.[5]  Plaintiff, on the other hand, argues that the statute itself is clear, at least in this

4    circumstance:  a document that includes not only the disclosure but also a certification and release

5    unrelated to the requisite disclosures clearly violates the requirement that the document consist

6    "solely of the disclosure."  *See Harris v. Home Depot U.S.A., Inc.*, 114 F. Supp. 3d 868, 870 (N.D.

7    Cal. 2015) (denying motion to dismiss where document included a release of liability because the

8    "release of liability is separate and distinct from the authorization" and that such violation was

9    plausibly willful given the state of the law regarding this topic).

10   　　　　The Court agrees that, if the web-page is construed as a single document, it would violate

11   the express terms of the statute that the document solely consist of the requisite disclosures.

12   Where courts have found otherwise, the extraneous language was "so closely related [to the

13   disclosures] that it was inherently implausible anyone would include it in a willful attempt to

14   violate the statute (or with reckless disregard for the requirements of the statute).")  *Id.* (citing

15   *Peikoff v. Paramount Pictures Corp.*, No. 15-CV-00068-VC, 2015 U.S. Dist. LEXIS 63642, at

16   *3–4 (N.D. Cal. Mar. 26, 2015)).  Thus, the inquiry turns on whether the web-page containing

17   both sections constitutes a single "document."

18   　　　　With regards to the definition of what constitutes a single "document," defendant cites two

19   cases in which other district courts have addressed FCRA disclosures in the context of web-based

20   applications.  *See, e.g.*, *Goldberg v. Uber Techs.*, No. 14-CV-14264-RGS, 2015 WL 1530875, at

21   *2 (D. Mass. Apr. 6, 2015) (finding action not objectively unreasonable where plaintiff was

22   required to scroll through text to view the disclosure because the "document was (conspicuously)

---

[5] Defendant acknowledges plaintiff's allegations regarding the two FTC opinion letters she claims support her interpretation of the statute.  Defendant argues that such are not controlling for the purposes of a willfulness analysis, *see Syed*, 2014 WL 5426862, at *3 (concluding that FTC informal letters were not controlling for the purpose of a willfulness analysis), and additionally, the FTC has taken conflicting positions elsewhere.  *See* FTC Opinion Letter to Coffrey, 1998 WL 34323748 (FTC Feb. 11, 1998) ("[S]ome additional information, such as a brief description of the nature of the consumer reports covered by the disclosure, may be included if the information does not confuse the consumer or detract from the mandated disclosure."); FTC Opinion Letter to Willner, 1999 WL 33932153, at *2 (FTC Mar. 25, 1999).

7

1   entitled 'Background Check Terms'" and the "visible (three) lines of text informed the reader of
2   the full scope of the background checks that would be conducted"); *Newton v. Bank of Am.*, No.
3   14-CV-3714-CBM, 2015 WL 10435907, at *5–6 (C.D. Cal. May 2015) (finding disclosures
4   compliant where the separate documents were on different screens of the online application
5   process).

6   Neither of the cases defendant offers is directly analogous to the situation here where the
7   two sections appear on the exact same web page. However, plaintiff also offers no authority, even
8   in the form of an FTC letter opinion, construing what a "single document" is for the purposes of
9   web-based applications. The plain language of the statute requires a separate and distinct writing.
10  By analogy, the web page would also need to be separate and distinct. Here, the web page at issue
11  has a single "submit" button indicating that such page is intended to be considered holistically.
12  Yet, it contains two sections, including the one required to be in a "single document." Against this
13  backdrop, the Court is not prepared to grant judgment on the pleadings in favor of defendant as to
14  this count. Accordingly, the Court **DENIES** defendant's motion with regards to plaintiff's
15  willfulness claim in Count One.

### 2. Negligent Violation of the FCRA

17  With regards to the negligence claim, defendant argues only that its motion for judgment
18  on the pleadings should be granted because plaintiff failed to allege actual damages. Under 15
19  U.S.C. section 1681o, a plaintiff may only recover "actual damages" for negligent violations. *See*
20  *Banga v. Chevron U.S.A.*, No. 11-CV-01498-JCS, 2013 WL 71772, at *11 (N.D. Cal. Jan. 7,
21  2013) ("[I]f a plaintiff can only prove a negligent violation of the FCRA, the plaintiff must also
22  show actual damages caused by the conduct constituting a violation of the statute to make out a
23  cause of action."). Plaintiff counters that her violation of privacy and the emotional distress
24  caused by such can give rise to a claim for actual damages. *See Fairfield v. Am. Photocopy Equip.*
25  *Co.*, 138 Cal. App. 2d 82, 85–87 (1955); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329,
26  1333 (9th Cir. 1995). Plaintiff's only allegations to that effect, however, are general and
27  conclusory. (*See* Compl. ¶ 51.) Such are insufficient to sustain a claim. *See Burnell v. Marin*
28  *Humane Soc'y*, No. 14-CV-5635-JSC, 2015 WL 6746818, at *19 (N.D. Cal. Nov. 5, 2015)

8

(dismissing intentional infliction of emotional distress claim where complaint lacked "any facts pertaining to the nature and extent of plaintiffs' emotional or mental suffering"); *Connelly v. Remkes*, No. 14-CV-1344-LHK, 2014 WL 5473144, at *13 (N.D. Cal. Oct. 28, 2014) (finding single paragraph alleging plaintiff "suffered great worry and concern" to be inadequate); *Crisafulli v. Amertias Life Ins. Corp.*, No. 13-CV-5937, 2015 WL 1969176, at *4 (D.N.J. Apr. 30, 2015) (dismissing FCRA claim for negligent violation on a Rule 12 motion because plaintiff's threadbare allegations of emotional distress did not suffice). As with the cases referenced above, plaintiff's allegations are bald and conclusory. That said, defendant has failed to provide authority that such damages are not available, as a matter of law, if properly alleged. Accordingly, rather than grant judgment in favor of defendant as to plaintiff's negligence claim in Count One at this juncture, the Court instead **DISMISSES** the same without prejudice.

    **B.**   **COUNTS THREE AND FOUR: PREEMPTION OF STATE LAW CLAIMS**

Both ICRAA and CCRAA include provisions that defendant argues preclude plaintiff's claims under either statute. CCRAA provides: "Any consumer credit reporting agency or user of information against whom an action brought pursuant to Section 1681n or 1681o of Title 15 of the United States Code is pending shall not be subject to suit for the same act or omission under Section 1785.31." Cal. Civ. Code. § 1785.34(a). Similarly, ICRAA provides: "Any investigative consumer reporting agency or user of information against whom an action brought pursuant to Section 1681n or 1681o of Title 15 of the United States Code is pending shall not be subject to suit for the same act or omission under Section 1786.50." Cal. Civ. Code § 1786.52(a).

On these bases, defendant argues that the Court should find plaintiff's state law claims barred as a matter of law. *See Coleman v. Kohl's Dep't Stores, Inc.*, No. 15-cv-2588-JCS, 2015 WL 5782352, at *7 n.7 (N.D. Cal. Oct. 5, 2015) (stating that to the "extent plaintiffs submit a second amended complaint that alleges both FCRA and ICRAA claims stemming from the same act or omission, § 1786.52 bars those ICRAA claims"); *Drew v. Equifax Info. Servs., LLC*, No. 07-CV-0726-SI, 2009 WL 595459, at *11 (N.D. Cal. Mar. 5, 2009) (finding that the "majority of plaintiff's CCRAA claims are duplicative of his FCRA claims against [defendants] and thus barred"). Defendant, however, acknowledges a split in authority in this district as to the meaning

9

1    of ICRAA and CCRAA in this regard, and the only California Court of Appeal decision to address

2    the issue has held otherwise, at least as to CCRAA. *See Cisneros v. UD Registry, Inc.*, 39 Cal.

3    App. 4th 548, 581 (1995) (finding that CCRAA only applies when there is a "prior action pending

4    under the federal law, and someone bring a later action under the state law" (internal quotations

5    and citation omitted)); *Ramirez v. Transunion LLC*, 899 F. Supp. 2d 941, 945 (N.D. Cal. 2012)

6    (stating that the court is bound by *Cisneros* absent "'convincing evidence' the California Supreme

7    Court would decide otherwise"); *Guillen v. Bank of Am. Corp.*, No. 10-CV-5825-EJD, 2011 WL

8    4071996, at *4 (N.D. Cal. Aug. 31, 2011) (stating that the court must defer to the "interpretation

9    of the California Court of Appeal absent convincing evidence the California Supreme Court would

10   decide the matter differently").

11        The duty of a federal court "in this case is to ascertain and apply the existing California

12   law." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (quoting *Munson*

13   *v. Del Taco, Inc.*, 522 F.3d 997, 1002 (9th Cir. 2008)).  In the absence of pronouncements from

14   the California Supreme Court, the Court must "follow decisions of the California Court of Appeal

15   unless there is convincing evidence the California Supreme Court would hold otherwise." *Id.*

16   Here, defendant offers only two district court decisions that have found contrary to *Cisneros*.  The

17   court in *Drew* did not address the decision in *Cisneros* in any way, and the court in *Coleman*,

18   while recognizing the existence of contrary authority, limited such to the CCRAA and found

19   otherwise with respect to ICRAA.  However, given the identical language between the provisions

20   in ICRAA and CCRAA, this Court does not find such a distinction meaningful.  Defendant did not

21   identify any other relevant authority that would support a finding from this Court that the

22   California Supreme Court would interpret the statute contrary to *Cisneros*.  Thus, given the current

23   state of the law, this Court is bound by the interpretation of the California Court of Appeal in

24   *Cisneros* in finding that the provisions at issue bar only subsequent suits involving state law

25   claims.  Accordingly, the Court **DENIES** defendant's request for judgment as to Counts Three and

26   Four on this ground.

27           **C.**     **COUNT FOUR:  ALLEGATIONS OF ACTUAL DAMAGES UNDER CCRAA**

28        Defendant argues that plaintiff's claims pursuant to the CCRAA should be dismissed for

the additional reason that plaintiff failed to allege actual damages, as required under CCRAA. *See Trujillo v. First Am. Registry, Inc.*, 157 Cal. App. 4th 628, 638 (2007) (holding that where a plaintiff has "suffered no actual damage, [her] CCRAA cause of action fails as a matter of law"); *Levinson v. Transunion LLC*, No. 16-CV-837-RSW, 2016 WL 3135642, at *6 (C.D. Cal. June 2, 2016). Plaintiff raises only the same arguments she raised with respect to her FCRA negligence claim. For the same reasons discussed above, the Court finds that her allegations as to actual damages are insufficient to sustain a CCRAA claim. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Count Four of plaintiff's complaint.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** defendant's motion for judgment on the pleadings as to all counts. Further, the Court **DISMISSES WITHOUT PREJUDICE** plaintiff's negligence claims in Count One and plaintiff's claims in Count Four.

By **Thursday, December 1, 2016**, plaintiff shall file a notice advising the Court whether she intends to file amended allegations or rest on the current state of the pleadings. If the former, plaintiff shall file by **December 13, 2016**, a motion for leave to file a first amended complaint explaining how she has satisfied the requirements addressed herein. If the latter, defendant shall answer the complaint by **December 16, 2016.**

The Court hereby **SETS** a further case management conference for **Monday, January 23, 2017** at **2:00 p.m.** in the Federal Building, 1301 Clay Street, Oakland, California, Courtroom 1. By **January 13, 2017**, the parties must file a joint case management statement, in accordance with the Local Rules and this Court's Standing Order in Civil Cases.

This Order terminates Docket Number 21.

**IT IS SO ORDERED.**

Dated: November 23, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

11