1

2

3

4

5

6

7

8

9           UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA

11              OAKLAND DIVISION

12

13   ALYSSA BURNTHORNE-MARTINEZ, an        Case No. 4:16-cv-02843-YGR
     individual on behalf of herself, all others
14   similarly situated,                   **CLASS ACTION SETTLEMENT**
                                           **AGREEMENT**
15              Plaintiff,

16       v.

17   SEPHORA USA, INC., a Delaware
     Corporation, and DOES 1 to 100, inclusive,
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

**CLASS ACTION SETTLEMENT AGREEMENT**

This settlement agreement is entered into between the following parties: (a) plaintiff Alyssa Martinez (nee Alyssa Burnthorne), on behalf of herself and all Class Members as defined herein; and (b) defendant Sephora USA, Inc.  The undersigned Parties agree, subject to approval by the Court, that this Litigation (as defined below) and all Released Claims (as defined below) are hereby fully and finally compromised, settled, and released on the terms and conditions set forth in this Agreement.

## I.    DEFINITIONS

1.1    "Administrative Expenses" means all costs, disbursements, and expenses reasonably incurred in the implementation of this Agreement by the Claims Administrator, including but not limited to: the cost of preparing and disseminating notice to all Class Members informing them of the Agreement; the cost of reviewing any Requests for Exclusion and objections; the cost of distributing Settlement Benefits to Settlement Class Members; and other reasonable fees and expenses of the Claims Administrator.  The cost estimate for the Administrative Expenses at the time of the finalization of the Agreement is approximately $29,000.

1.2    "Agreement" means this agreement entered into by the Parties to effectuate the terms of the Settlement.

1.3    "Attorneys' Fees" means the fees for work performed by Class Counsel and approved for payment by the Court as set forth in Paragraph 5.1 of this Agreement.

1.4    "Claims Administrator" means Rust Consulting as well as other its employees and outside vendors working under its supervision, or such other qualified third-party retained by mutual agreement of the Parties to perform the duties of the Claims Administrator set forth in this Agreement.

1.5    "Class Counsel" or "Plaintiff's Counsel" means Setareh Law Group.

1.6    "Class Members" and the "Class" means all individuals who both: (a) applied for a retail store position in the United States with Sephora USA, Inc. ("Sephora") for whom Sephora requested a background check report from Accurate Background and (b) for whom a background

1   check report was subsequently generated by Accurate Background for Sephora at any time

2   between April 22, 2011 and November 1, 2017, inclusive.  The approximate estimated number of

3   class members is 11,200 as of October 1, 2017.

4        1.7     "Class Notice" means the Court-approved form of notice to Class Members, which

5   will include language in substantially the same form as Exhibit A and will notify Class Members

6   of the preliminary approval of the Agreement by the Court, the scheduling of the Final Approval

7   Hearing, and the process to object to or request exclusion from the Settlement, among other

8   things.

9        1.8     "Class Period" means April 22, 2011 through November 1, 2017, inclusive.

10        1.9     "Complaint" means the class action complaint filed in the Litigation on April 22,

11   2016 and timely removed to federal court on May 26, 2016.

12        1.10    "Court" means the United States District Court, Northern District of California.

13        1.11    "Defendant" means Sephora USA, Inc.

14        1.12    "Defendant's Counsel" means Orrick, Herrington & Sutcliffe LLP.

15        1.13    "Days" means calendar days unless otherwise expressly stated herein, except that,

16   when computing any period of time prescribed or allowed by this Agreement, the day of the act,

17   event, or default from which the designated period of time begins to run shall not be included.

18        1.14    "Effective Date" means the date on which the Court's Final Approval Order

19   becomes final.  For purposes of this paragraph, the Court's Final Approval Order "becomes final"

20   upon the last to occur of the following: (a) the date of final affirmance on appeal of the Judgment;

21   (b) the date of final dismissal of any appeal from the Judgment or the final dismissal of any

22   proceeding to review the Judgment; or (c) if no appeal is filed, the expiration date of the time for

23   the filing or noticing of any appeal from the Court's Judgment.

24        1.15    "Final Approval" means that the Court has entered the Judgment and Final

25   Approval Order.

26        1.16    "Final Approval Hearing" means a hearing held before the Court to consider Final

27   Approval of the Settlement as described in Paragraph 6.2 of this Agreement.

28

-2-

1.17 "Final Approval Order" means the Court order entered after the Final Approval Hearing that approves this Agreement and dismisses the Litigation.

1.18 "Judgment" means a judgment entered by the Court following entry of the Final Approval Order.

1.19 "Litigation" means "means *Burnthorne-Martinez v. Sephora USA, Inc.*, N.D. Cal. Case No. 16-cv-2843-YGR, originally filed as San Francisco Superior Court Case No. CGC-16-551620.

1.20 "Litigation Expenses" means those expenses and costs of litigation incurred by Class Counsel as detailed in their billing statement and approved for reimbursement by the Court as set forth in Paragraph 5.1 of this Agreement.

1.21 "Net Settlement Fund" means the Settlement Amount less Administrative Expenses, Attorneys' Fees and Litigation Expenses, and the Service Award (if any), as approved by the Court.

1.22 "Notice Period" means the period of time beginning from the date that the Class Notice is mailed to Class Members and ending 45 days after said date (or, if the 45th day falls on a weekend or holiday, the next business day thereafter).

1.23 "Parties" means Plaintiff and Defendant, collectively.

1.24 "Party" means either Plaintiff or Defendant.

1.25 "Person" includes, without limitation, natural persons, firms, corporations, businesses, limited liability companies, partnerships, federal, state and other governments and their political subdivisions, agencies and instrumentalities, and all other entities.

1.26 "Plaintiff" and "Class Representative" means Alyssa Martinez (nee Alyssa Burnthorne), a/k/a Alyssa Burnthorne-Martinez.

1.27 "Preliminary Approval" means issuance of an order that is consistent with and preliminarily approves in all material respects the terms of the Settlement and this Agreement.

1.28 "Preliminary Approval Date" means the date the Court enters an order preliminarily approving the Settlement.

1    1.29    "Released Claims" shall have the meaning set forth in Paragraphs 7.1 to 7.3 of this

2    Agreement.

3    1.30    "Released Parties" means (i) Sephora USA, Inc., (ii) its respective past or present

4    parents, subsidiaries, divisions, affiliates (including but not limited to LVMH Moët Hennessy

5    Louis Vuitton Inc. and LVMH Moët Hennessy Louis Vuitton SE), associates, predecessors,

6    successors, officers, directors, managing directors, controlling shareholders, partners, principals,

7    members, employers, employees, agents, consultants, advisors, insurers, and attorneys; (iii) any

8    Person, firm, trust, corporation, officer, director or other individual or entity in which Sephora

9    USA, Inc. has a controlling interest; (iv) Accurate Background, LLC; and (v) the legal

10   representatives, heirs, successors in interest, or assigns of any of the foregoing.

11   1.31    "Request for Exclusion" means the document which a Class Member must

12   complete and timely submit to request exclusion from the Settlement Class, in the form set forth

13   in Exhibit B to this Agreement, pending approval by the Court.

14   1.32    "Service Award" shall have the meaning set forth in Paragraph 5.6 of this

15   Agreement.

16   1.33    "Settlement" means the terms and conditions set forth in this Agreement.

17   1.34    "Settlement Amount" means Seven Hundred Fifty Thousand Dollars

18   ($750,000.00), the amount that Sephora has agreed to pay in accordance with this Agreement.  If

19   the final number of class members increases by more than 5% (five percent) from the estimate

20   provided in Paragraph 1.6 above, the Settlement Amount shall increase proportionally by the

21   number of additional class members.

22   1.35    "Settlement Benefits" means the benefits provided to Settlement Class Members

23   as set forth in Paragraph 3.1 of this Agreement.

24   1.36    "Settlement Class" and "Settlement Class Members" mean those Class Members

25   who do not properly and timely submit a Request for Exclusion from the Settlement.

26                                  **II.    RECITALS**

27   2.1    Plaintiff filed this Litigation on April 22, 2016.  Sephora timely answered on May

28   25, 2016 and removed to the Northern District of California on May 26, 2016.  After engaging in

1    targeted discovery, Plaintiff filed her motion for class certification and Defendant filed its motion

2    for summary judgment, each on February 21, 2017.  After these motions were fully briefed, the

3    parties stipulated to continue the hearings on the motions and the discovery deadline to allow for

4    mediation.  The Parties participated in private mediation with Michael Dickstein, Esq. on May 18,

5    2017.  After substantive and further discussion about the claims, negotiation, and careful

6    consideration of the merits, risks and costs of the impending litigation, the Parties agreed to settle

7    the Litigation and filed a Notice of Settlement with the Court on August 18, 2017.

8           2.2    In her Complaint, Plaintiff, individually and on behalf of a proposed class, alleges

9    that the pre-employment background checks that Sephora requested violated the federal Fair

10   Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, and California state law analogs, because she

11   (and the proposed class) allegedly did not receive appropriate pre-screening disclosures.

12          2.3    Defendant has disputed and continues to dispute each of the allegations and claims

13   alleged by Plaintiff in this Litigation, including but not limited to the allegations described above

14   in Paragraph 2.2.  Defendant has denied and continues to deny all charges of wrongdoing or

15   liability arising out of any of the conduct, statements, acts, or omissions that have been alleged or

16   that could have been alleged in the Litigation.  Defendant also disputes that Plaintiff, the Class, or

17   any other members of the Class have suffered damages or harm by reason of the conduct,

18   statement, acts, or omission of Defendant.  Defendant does not concede or agree that class

19   certification is proper, except for purposes of this Settlement.  Neither this Agreement, nor any

20   document referred to or contemplated herein, nor any action taken to carry out this Agreement,

21   may be construed as, or used as, an admission by Defendant of any fault, wrongdoing, or liability

22   whatsoever, or as a concession that certification of a class other than for purposes of this

23   Settlement is appropriate in this or any other case.

24          2.4    Defendant, while continuing to deny all allegations of wrongdoing and to dispute

25   liability with respect to the claims asserted in the Complaint, considers it desirable to resolve the

26   Litigation on the terms stated herein, in order to avoid further risk, expense, inconvenience, and

27   interference with its ongoing business operations.

28

### III.   SETTLEMENT AMOUNT AND BENEFITS

The Settlement Amount will be used to satisfy (1) payments to all Settlement Class Members (with any the amount of any uncashed checks passing to a *cy pres* beneficiary as described in Paragraph 3.2), (2) Plaintiff's Attorneys' Fees and Litigation Expenses subject to Court approval and pursuant to the terms enumerated in Paragraph 5.1, (3) a Service Award to the Class Representative, subject to Court approval and pursuant to the terms enumerated in Paragraph 5.6, and (4) Administrative Expenses.

3.1    The Net Settlement Fund will be allocated as follows:

    3.1.1    Each Class Member who does not timely and validly request exclusion from the Settlement during the Notice Period (as set forth in Paragraph 6.3) shall be a Settlement Class Member.

    3.1.2    The amount of the Settlement Benefit each Settlement Class Member will receive will be determined on a *pro rata* basis, based on the total amount of the Net Settlement Fund to be allocated among all Settlement Class Members and the total number of Settlement Class Members, as follows:

        3.1.2.1    Each Settlement Class Member will receive one (1) *pro rata* share of the Net Settlement Fund for each background check that was requested by Sephora and was generated by Accurate Background on him/her between April 22, 2011 and April 21, 2014 (inclusive), if that background check was generated at a time when neither her address nor the address of the store to which she was applying was in California.

        3.1.2.2    Each Settlement Class Member will receive two (2) *pro rata* shares of the Net Settlement Fund for each background check that was requested by Sephora and was generated by Accurate Background on him/her between April 22, 2014 and November 1, 2017 (inclusive), if that background check was generated at a

1                                          time when neither her address nor the address of the store to

2                                          which she was applying was in California.

3                 3.1.2.3      Each Settlement Class Member shall receive 1.15 *pro rata*

4                                          shares of the Net Settlement Fund for each background check

5                                          was requested by Sephora and was generated by Accurate

6                                          Background on him/her between April 22, 2011 and April 21,

7                                          2014 (inclusive), if that background check was generated at a

8                                          time when either her address or the address of the store to which

9                                          she was applying was in California, given the presence of

10                                         California state law claims in addition to federal Fair Credit

11                                         Reporting Act claims in the Complaint.

12                 3.1.2.4      Each Settlement Class Member shall receive 2.3 *pro rata* shares

13                                         of the Net Settlement Fund for each background check was

14                                          requested by Sephora and was generated by Accurate

15                                          Background on him/her between April 22, 2014 and November

16                                          1, 2017 (inclusive), if that background check was generated at a

17                                          time when either her address or the address of the store to which

18                                          she was applying was in California, given the presence of

19                                          California state law claims in addition to federal Fair Credit

20                                          Reporting Act claims in the Complaint.

21      3.2        Any checks issued to Settlement Class Members shall remain valid and negotiable

22 for one hundred eighty (180) days from the date of their issuance.  After this period, the checks

23 will no longer be valid or negotiable and may be cancelled.  If cancelled, the value of those

24 checks (if any) will be collected in a *cy pres* fund that will be delivered to the Lawyers'

25 Committee for Civil Rights of the San Francisco Bay Area (https://www.lccr.com/) or another

26 501(c)(3) non-profit to be agreed upon by the Parties.

27

28

# IV.   NOTICE AND CLAIM PROCESS

4.1     Concurrently with the filing of the motion for Preliminary Approval of the Settlement, Plaintiff will move the Court to appoint Rust Consulting as the Claims Administrator, who will administer the Settlement in accordance with this Agreement or as required by the Court.

4.2     Sephora will provide the Claims Administrator with a list of each individual who applied for a retail store position in the United States with Sephora on whom Sephora requested a background check report from Accurate Background, and on whom a background check report was subsequently generated by Accurate Background for Sephora during the Class Period according to Sephora's records, along with the date on which each report was provided to Sephora, the address of the individual, and information regarding the location of the store manager or other individual who requested the background check (the "Class Data").  Sephora does not maintain or update any comprehensive central repository of employee or applicant e-mail addresses, and thus e-mail would not be a consistent or reliable way of ensuring notice to Class Members.

4.3     Sephora's reasonably available records concerning the Class Data shall be presumed to be correct for purposes of this Settlement (notwithstanding the Parties' acknowledgement that those records may be imperfect).  Sephora will provide the Class Data to the Claims Administrator no later than fourteen (14) days (or, if that date falls on a weekend or holiday, the next business day thereafter) after the date the Court enters an order granting preliminary approval of the Settlement.  Class Data shall be used by the Claims Administrator solely for the purpose of notifying the Class Members regarding and otherwise administering the Settlement.  Class Data shall be provided in a format to be mutually agreed upon by the Claims Administrator and Sephora.

4.4     The Claims Administrator shall be responsible to do the following in conjunction with administering the Settlement: (1) creating a website for the case which will include the following documents: (a) Plaintiff's motion for preliminary approval, (b) the Court-approved Class Notice, (c) the Court-approved Request for Exclusion, (d) Plaintiff's motion for attorney's

1  fees, costs, and enhancement award; (2) conducting a change of address search with the U.S.

2  Postal Service to verify the mailing addresses of each Class Member prior to mailing; (3) mailing

3  a postcard to all Class Members directing them to the website; (4) if necessary, conducting a skip

4  trace upon any Class Member whose postcard is returned as undeliverable; and (5) performing

5  any other tasks as set forth in the Agreement and/or Class Notice.

6      4.5  As soon as practicable after receiving the Class Data, but no later than ten (10)

7  business days after its receipt, the Claims Administrator shall mail to each Class Member a

8  postcard summarizing the settlement and referring Class Members to the website if they choose to

9  review the Class Notice (Exhibit A) and Request for Exclusion (Exhibit B).

10      4.6  No later than ten (10) business days after the Effective Date, Defendant shall

11  transmit the funds necessary to the Claims Administrator to cover the total payments to be sent to

12  Settlement Class Members as Settlement Benefits.

13      4.7  The Settlement Benefits shall be sent to Settlement Class Members by the Claims

14  Administrator, subject to the terms of this Agreement, within ten (10) business days after receipt

15  of the funds specified in Paragraph 4.4 from Sephora.

16  **V.   ATTORNEYS' FEES AND LITIGATION EXPENSES, INCENTIVE AWARDS,**
17  **AND ADMINISTRATIVE EXPENSES**

18      5.1  Fourteen days prior to the deadline for Class Members to object to the Settlement,

19  Class Counsel will file a motion for approval of Counsel's Attorneys' Fees and Litigation

20  Expenses, to be paid out of the Settlement Amount, supported by appropriate documentation and

21  in amounts not in excess of $250,000.00 (two hundred and fifty thousand dollars) for Attorneys'

22  Fees and $20,000.00 (twenty thousand dollars) for Litigation Expenses.  Class Counsel agrees

23  that in no event shall they seek approval of Attorneys' Fees or Litigation Expenses in excess of

24  these amounts.  Defendant agrees not to oppose any motion by Class Counsel for an award of

25  Attorneys' Fees or Litigation Expenses up to these enumerated amounts, but reserves the right to

26  oppose any fee or expense request if such fee or expense request is in excess of these amounts.

27  Any Attorneys' Fees or Litigation Expenses sought by Class Counsel but not approved by the

28  Court shall remain in the Net Settlement Fund and shall be distributed accordingly.

CLASS ACTION SETTLEMENT AGREEMENT
CASE NO. 4:16-CV-02843-YGR

5.2     No payment for Attorneys' Fees or Litigation Expenses shall be made to Class Counsel until and unless (a) there is Final Approval of the Settlement, (b) the Court has approved Plaintiff's motion and determined the appropriate amount (not to exceed the amounts set forth herein) of Attorneys' Fees and Litigation Expenses to be paid to Class Counsel, and (c) the Effective Date has passed.  Sephora shall deliver payment for such Attorneys' Fees and Litigation Expenses as are awarded by the Court (not to exceed the amounts set forth herein) to the Claims Administrator within ten (10) business days after the Effective Date.  After delivering the Attorneys' Fees and Litigation Expenses as approved by the Court, Sephora shall have no additional liability for Class Counsel's legal fees or costs.

5.3     The Parties agree that the allowance or disallowance by the Court of any Attorneys' Fees or Litigation Expenses are to be considered by the Court separately from its consideration of the fairness, reasonableness and adequacy of the Settlement, and any order or proceedings relating to the application for Attorneys' Fees and Litigation Expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Agreement, or affect or delay the issuance or the finality of the Judgment.

5.4     The Released Parties shall have no responsibility for, and no liability with respect to, payment of any Class Member's attorneys' fees, costs, or expenses to any other individual, law firm, or other entity.  Plaintiff's Counsel agrees to be solely responsible for any claims, liens or other demands from persons or entities who previously represented Plaintiff and may seek to be compensated out of the Settlement Amount for attorneys' fees and/or legal costs arising from prosecution of the Litigation.  If it is ever claimed or determined that some portion of the Settlement Amount should have been paid as Plaintiff's attorneys' fees and/or costs to some person or entity other than Class Counsel, Class Counsel warrants and agrees to pay and/or indemnify said amount, defend any claim for this amount, and hold Defendant harmless from such liens or claims.

5.5     Except as expressly provided herein, Plaintiff shall bear her own fees, costs and expenses for this Litigation, including but not limited to the activities necessary to consummate

this Settlement.  Defendant shall not assert any claim for expenses, costs, and fees against

Plaintiff relating to or arising out of the Litigation or this Agreement.

5.6    At or before the time of Final Approval, Plaintiff will make an application to the Court for a Class Representative service award, to be paid out of the Settlement Amount in the amount of $2,500 to Class Representative Alyssa Martinez (nee Alyssa Burnthorne) (the "Service Award").  Class Representative shall not be entitled to any Service Award in excess of this amount.  Defendant agrees not to oppose the application to the Court for a Service Award up to and including the amount set forth herein.  Any amount of the Service Award sought by Plaintiff but not approved by the Court shall remain in the Net Settlement Fund and be distributed accordingly.

5.7    No payment for a Service Award shall be made to Plaintiff until and unless (a) there is Final Approval of the Settlement, (b) the Court has approved Plaintiff's application for a Service Award and determined the appropriate amount (not to exceed the amount set forth herein) of the Service Award, and (c) the Effective Date has passed.  Sephora shall deliver payment for the Service Award awarded by the Court (not to exceed the amounts set forth herein) to the Claims Administrator within ten (10) business days after the Effective Date.

5.8    Final resolution by the Court of Plaintiff's application for a Service Award shall not be a precondition to Final Approval of the Settlement or to the dismissal of or entry of judgment upon the Released Claims in accordance with this Agreement.

5.9    Payment of Administrative Expenses incurred by the Claims Administrator to implement and administer the Settlement, in an amount not to exceed $35,000 as approved by the Court, shall be paid out of the Settlement Amount.

## VI.    PROCEDURE FOR APPROVAL, REQUESTS FOR EXCLUSION, OBJECTIONS, AND TERMINATION

6.1    Preliminary Approval of Settlement.  After the execution of this Agreement and on or before the Court-ordered deadline, Plaintiff will submit to the Court an Motion for Preliminary Approval of this Settlement with supporting papers and a proposed Preliminary Approval Order which: (1) preliminarily approves this Agreement and this Settlement as fair, just, reasonable, and

-11-

1   adequate; (2) conditionally certifies a Class for settlement purposes only; (3) appoints Setareh

2   Law Group as Class Counsel; (4) appoints Alyssa Martinez (nee Alyssa Burnthorne) as Class

3   Representative; (5) approves and directs Class Notice to the Class Members as described in this

4   Agreement; and (6) sets a hearing to consider Final Approval of the Settlement and any

5   objections thereto.

6        6.2    Final Approval and Judgment.  Within fourteen (14) days of the close of the

7   Notice Period, Plaintiff will file a motion for Final Approval of the Settlement and for entry of the

8   Judgment holding this Agreement to be final, fair, reasonable, adequate, and binding on all

9   Settlement Class Members who have not excluded themselves as provided below; ordering that

10   the Settlement Benefits be provided as set forth in this Agreement; ordering the releases as set

11   forth in this Agreement to become effective; and entering the Judgment.  As set forth below in

12   Paragraph 6.6, in the event of any modification or termination of this Agreement, the Court

13   retains ongoing and exclusive jurisdiction over the Litigation.

14        6.3    Requests for Exclusion and Objections.  The Class Notice shall advise each Class

15   Members of her right: (a) to forego the Settlement Benefits and preserve her right to pursue an

16   individual claim; and (b) if she remains a member of the Settlement Class, to object to this

17   Settlement individually or through counsel.

18             6.3.1    Class Members who wish to be excluded from the Class, forego the

19                        Settlement Benefits, and preserve the right to pursue an individual claim

20                        will be instructed to submit a Request for Exclusion to the Claims

21                        Administrator within the Notice Period (*i.e.*, postmarked on or after the last

22                        day of the Notice Period), setting forth their name and a statement that they

23                        request exclusion from the Class and do not wish to participate in the

24                        Settlement, in substantially the same form as Exhibit B to this Agreement.

25                        Any Class Member who submits a timely and valid Request for Exclusion

26                        shall not be a Settlement Class Member, and shall not have standing to

27                        object to or otherwise contest the Settlement.

28

-12-

6.3.2    The proposed Preliminary Approval Order and the Class Notice will provide that any Class Member who fails to properly and timely submit the required documents and information to request exclusion will not be excluded from the Settlement Class.

6.3.3    If any Settlement Class Member wishes to object to the Settlement and/or to be heard by the Court, he or she may submit a written objection during the Notice Period to the Claims Administrator, which in turn will be collected by the Claims Administrator and described in its declaration to the Court in advance of Final Approval.  Each such objection shall contain information sufficient to establish (under penalty of perjury) that the individual objecting is a Settlement Class Member and shall provide a detailed statement of any objection asserted, including the grounds therefore and reasons, if any, for requesting the opportunity to appear and be heard at the Final Approval Hearing.  A Settlement Class Member may also appear at the Final Approval Hearing, either in person or through his or her own legal representative.  Pursuant to Paragraph 5.4 of this Agreement, no Party will be responsible for any payments for any legal representatives appearing on behalf of Settlement Class Members who choose to object and/or to appear at the Final Approval Hearing.

6.4    Within ten (10) business days of the end of the Notice Period, the Claims Administrator shall prepare a list of the names of the persons who, pursuant to the Class Notice and the procedures described herein, have excluded themselves from the Settlement Class in a valid and timely manner, and provide that list simultaneously to Defendant's Counsel and Plaintiffs' Counsel.

6.5    Notwithstanding anything else contained in this Agreement, if the total number of Class Members who exclude themselves from the Settlement Class, pursuant to Paragraph 6.3 above, exceeds 10%, Sephora will have the option in its sole discretion of withdrawing itself from this Agreement and from the Settlement in its entirety, in which event this Settlement shall not

-13-

become effective and the provisions of Paragraph 6.6 will apply; provided, however, that such option must be exercised within ten (10) business days after receiving notice from the Claims Administrator as to how many Class Members have submitted a timely and valid Request for Exclusion from the Settlement Class.

      6.6   <u>Modification or Termination of Agreement</u>.  The terms and provisions of this Agreement may be amended, modified, or expanded only by written agreement of the Parties and approval of the Court or as expressly set forth herein.  This Agreement shall terminate at the discretion of either Plaintiff or Defendant if: (1) the Court, or any appellate court(s), rejects, modifies, or denies approval of any portion of this Agreement that the terminating Party reasonably determines is material, including, without limitation, the terms of relief, the findings, or conclusions of the Court, the provisions relating to notice, the definition of the Class, and/or the terms of the Release; or (2) the Court, or any appellate court(s), does not enter or completely affirm, or alters, narrows or expands, any portion of the Final Approval Order, or any of the Court's findings of fact or conclusions of law, that the terminating Party reasonably determines is material. The terminating Party must exercise the option to withdraw from and terminate this Agreement by sending a signed writing served on the other Party no later than twenty (20) days after receiving notice of the event prompting the termination, in which Plaintiff and Defendant will be returned to their positions status quo ante.  <u>For the avoidance of doubt, the Court's denial, in whole or in part, of Class Counsel's Motion for Attorneys' Fees and Litigation Expenses is not a ground for Plaintiffs to withdraw from and/or terminate this Agreement.</u>

      6.7   In the event that this Agreement does not become effective because any of the conditions precedent prior to the Effective Date do not occur, then this Agreement shall be null and void and of no force and effect, and the following provisions shall apply:

      6.7.1   No Attorneys' Fees or Litigation Expenses whatsoever shall be awarded or payable to Plaintiff's Counsel.

      6.7.2   No Service Award whatsoever shall be awarded or payable to Plaintiff.

      6.7.3   Defendant will be responsible for paying any Administrative Expenses already incurred by the Claims Administrator, and neither Plaintiff nor

1                           Plaintiff's Counsel shall be responsible to pay for such Administrative

2                           Expenses.

3           6.7.4   No term or condition of this Agreement, or any draft thereof, or discussion,

4                           negotiation, documentation, or other aspect of the Parties' settlement

5                           discussions shall have any effect, be construed as an admission by any

6                           Party, or be admissible or discoverable for any purpose in the Litigation or

7                           in any other proceeding.

8           6.7.5   Nothing herein will be deemed to prejudice the position of any of the

9                           Parties with respect to the Litigation.

10          6.7.6   Within ten (10) business days after a determination that the Effective Date

11                          will not occur, the Parties shall advise the Court and seek to place

12                          Plaintiff's motion for class certification and Defendant's motion for

13                          summary judgment back on the Court's calendar.

14                     **VII.**    **RELEASES**

15     7.1    <u>Settlement Class Member Released Claims</u>.  Upon the Effective Date, each of the

16 Settlement Class Members, on behalf of themselves and each of their respective agents,

17 successors, heirs, and assigns, will be deemed to have, and by operation of the Judgment will

18 have, fully, finally, and forever released, relinquished and discharged the Released Parties from

19 the following claims through and including November 1, 2017: all claims under the Fair Credit

20 Reporting Act, 15 U.S.C. §§ 1681 *et seq.*; all claims under the California Consumer Credit

21 Reporting Agencies Act ("CCRAA"), Cal Civ. Code § 1785.1 *et seq.*; all claims under the

22 California Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code § 1780 *et*

23 *seq.*; and all claims or causes of action that are pled in or reasonably related to claims and

24 potential claims in the Litigation, including but not limited to any and all claims related to or

25 arising out of any background check requested or procured by Defendant or the disclosures or

26 other documentation provided (or not provided) to any Settlement Class Member in connection

27 with any such background check (the "Settlement Class Released Claims").

28

7.1.1 With regard to the Settlement Class Released Claims, the Settlement Class Members expressly waive all rights under California Civil Code section 1542, which states:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.

7.1.2 A Settlement Class Member may hereafter discover facts in addition to or different from those which she now knows or believes to be true with respect to the subject matter of the Settlement Class Released Claims, but she shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Settlement Class Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

7.1.3 All Settlement Class Members shall be bound by this release unless they formally request exclusion from this Settlement by submitting a valid and timely Request for Exclusion.

7.1.4 Consistent with the foregoing, Settlement Class Members may not sue or otherwise make a claim against any of the Released Parties that is in any way related to, arises out of, or is connected with any of the Settlement Class Released Claims.

7.2 Class Representative Released Claims.  Upon the Effective Date, the Class Representative, on behalf of herself and her heirs, representatives, successors, assigns, and attorneys, shall be deemed to have, and by operation of the Judgment shall have, fully, finally,

CLASS ACTION SETTLEMENT AGREEMENT
CASE NO. 4:16-CV-02843-YGR

and forever released, relinquished, and discharged the Released Parties from all claims or causes of action of any type whatsoever, whether known or unknown, and whether or not arising out of or related to the Litigation, excluding solely those claims presently asserted (or any wage and hour claims that may be added by amendment) in the separate putative wage and hour class actions *Burnthorne-Martinez v. Sephora USA, Inc.,* San Francisco Superior Court Case No. CGC-16-550894 and/or in the *Sephora Wage and Hour Cases* JCCP No. 4911 (the "Class Representative Released Claims").

7.2.1   With regard to the Class Representative Released Claims, the Class Representative expressly waives all rights under California Civil Code section 1542, excepting solely those claims which are pled or could have been pled based on the factual allegations in the cases specifically referenced in Paragraph 7.2, *supra*.  California Civil Code section 1542 states:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.

7.2.2   Class Representative may hereafter discover facts in addition to or different from those which she now knows or believes to be true with respect to the subject matter of the Class Representative Released Claims, but she shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Class Representative Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, excepting solely those claims which

1    are pled or could have been pled based on the factual allegations in the

2    cases specifically referenced in Paragraph 7.2, *supra*.

3       7.2.3    Consistent with the foregoing, the Class Representative agrees not to sue or

4    otherwise make a claim against any of the Released Parties that is in any

5    way related to, arises out of, or is connected with the Class Representative

6    Released Claims set forth in this paragraph.

7      7.3    Notwithstanding the foregoing, neither the Settlement Class Released Claims nor

8    the Class Representative Released Claims (collectively, the "Released Claims") includes any

9    claim or right that may arise after their execution of this Agreement; any claim or right regarding

10   compliance with this Agreement; or any claim or right that is not waivable as a matter of law.

11              **VIII.   ADDITIONAL PROVISIONS**

12     8.1    <u>Confidentiality and Publicity</u>.  Plaintiff and Plaintiff's Counsel agree not to make

13   any public statements, or statements to the press or media, or statements on websites, about the

14   Litigation or the Settlement; provided, however, that nothing in this paragraph shall preclude:

15      8.1.1    Plaintiff or Plaintiff's Counsel from making statements, representations,

16   and disclosures that are legally required by any applicable statute, court

17   order, rule, regulation, or disclosure requirement;

18      8.1.2    Plaintiff or Plaintiff's Counsel from discussing the Litigation and/or

19   Settlement directly with any Class Members or their representatives in a

20   non-public communication or forum;

21      8.1.3    Plaintiff or Plaintiff's Counsel from responding to statements that appear in

22   the press or media that are disparaging to Plaintiff or Plaintiff's Counsel;

23      8.1.4    Counsel for Plaintiff from setting forth basic information concerning their

24   involvement in the Litigation (which shall not include information about

25   the amount of payments made or benefits provided pursuant to the

26   Settlement) in their resumes or in court filings in unrelated actions where

27   the experience of counsel is an issue; or

28

1           8.1.5   Plaintiff or Plaintiff's Counsel from providing a press or media

2                     organization, upon request by such organization, with copies of the

3                     pleadings or Court orders related to the Settlement.

4       8.2    In making statements permitted under Paragraph 8.1 above, Plaintiff and

5 Plaintiff's Counsel shall not make any statements (whether written or oral) that disparage,

6 defame, criticize, or demean Defendant or its counsel relating to the Litigation or the Settlement,

7 and shall not state or imply that the Settlement or this Agreement in any way reflects or implies

8 the existence of fault, liability, loss, or damage.

9       8.3    <u>Cooperation</u>. The Parties and their counsel shall cooperate to effectuate the

10 Settlement on the stated terms and conditions, to obtain preliminary approval of the Settlement,

11 and to obtain Final Approval.  In the event that the Court asks the Parties to modify any aspect of

12 this Agreement, the Parties shall meet and confer in good faith to attempt to resolve any issues

13 identified by the Court and to discuss how to allocate any increase in the cost or burden of the

14 Agreement as modified.  Any such modification of the Agreement shall be by mutual written

15 consent of the Parties, and no Party shall be obligated to accept modifications without its consent

16 except pursuant to Court order.

17       8.4    The Parties represent and agree that the terms of the Agreement were negotiated at

18 arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily

19 based upon adequate information and sufficient discovery and after consultation with experienced

20 legal counsel.

21       8.5    The Parties agree to the conditional certification of the Class described herein for

22 purposes of this Agreement only.  Should, for whatever reason, the Effective Date not occur, the

23 Parties' stipulation to certification of the Class as part of the Agreement shall become null and

24 void *ab initio* and shall have no bearing on, and shall not be admissible in connection with, the

25 issue of whether or not certification may be proper or appropriate in the Litigation or in any other

26 action.  Defendant expressly reserves its right to, and declares that it intends to, oppose class

27 certification vigorously should this Settlement not become final.

28

CLASS ACTION SETTLEMENT AGREEMENT
CASE NO. 4:16-CV-02843-YGR

8.6     Motion Papers for Preliminary and Final Approval.  Plaintiff shall draft the motion for preliminary approval and for final approval of the Settlement as described above, and shall submit the drafts to Defendant's Counsel before filing to allow time for review and comment.

8.7     Class Action Fairness Act Notice.  Within ten (10) business days following the filing of the Motion for Preliminary Approval, Defendant, through the Claims Administrator, shall serve notice of the proposed Settlement upon any required governmental officials pursuant to the Class Action Fairness Action of 2005, 28 U.S.C. § 1715 (with a copy to Plaintiff's Counsel).

8.8     Resolution of Disputes.  The Parties agree that they will return to mediator Michael Dickstein to seek resolution of any dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof.

8.9     Change of Time Periods.  The time periods and/or dates described in this Agreement with respect to filings, hearings, and notices are subject to approval and modification by the Court or by mutual written agreement of the Parties, without notice to Class Members. The Class Notice will advise Class Members that they may check the Court's calendar, which is available at http://www.cand.uscourts.gov/ygr, to confirm whether the date for the Final Approval Hearing has been changed.

8.10    Time for Compliance.  If the date for performance of any act required by or under this Agreement falls on a Saturday, Sunday or court holiday, that act may be performed on the next business day with the same effect as if it had been performed on the day or within the period of time specified by or under this Agreement.

8.11    Governing Law.  This Agreement is intended to and shall be governed by the laws of the State of California, without regard to conflicts of law principles.

8.12    Entire Agreement.  The terms and conditions set forth in this Agreement constitute the complete and exclusive statement of the agreement between the Parties hereto relating to the subject matter of this Agreement, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous agreement.  The Parties

1   further intend that this Agreement constitute the complete and exclusive statement of the terms of

2   the Settlement as between the Parties hereto, and that no extrinsic evidence whatsoever may be

3   introduced in any arbitration or judicial proceeding involving this Agreement.  Any modification

4   of this Agreement must be in writing signed by Plaintiff's Counsel, Defendant's Counsel, and

5   Defendant.

6          8.13    Advice of Counsel.  The determination of the terms of, and the drafting of, this

7   Agreement have been by mutual agreement after negotiation, with consideration by and

8   participation of all Parties hereto and their counsel.

9          8.14    Binding Agreement.  This Agreement shall be binding upon and inure to the

10   benefit of the respective heirs, successors, and assigns of the Parties hereto.

11          8.15    No Waiver.  The waiver by any Party of any provision or breach of this Agreement

12   shall not be deemed a waiver of any other provision or breach of this Agreement.

13          8.16    Extensions of Time.  The Parties reserve the right, by mutual written agreement, to

14   grant any reasonable extension of time that might be needed to carry out any of the provisions of

15   this Agreement.

16          8.17    Enforcement of this Agreement.  The Court shall retain jurisdiction to enforce,

17   interpret, and implement this Agreement until such time as the Court determines that the

18   Agreement is fully consummated according to the terms and conditions.

19          8.18    Notices.  All notices to the Parties or counsel required by this Agreement shall be

20   made in writing and communicated by mail and email to the following addresses:

21          If to Plaintiff or Plaintiff's Counsel:

22                  Shaun Setareh
                    Thomas Segal
23                  SETAREH LAW GROUP
                    9454 Wilshire Boulevard
24                  Suite 907
                    Beverly Hills, California 90212
25                  Tel.: 310-888-7771
                    Fax: 310-888-0109
26                  Email: shaun@setarehlaw.com
                    Email: thomas@setarehlaw.com
27

28

1    If to Defendant or Defendant's Counsel:

2            Andrew R. Livingston
             Kathryn G. Mantoan
3            Alexandra Heifetz
             ORRICK, HERRINGTON & SUTCLIFFE LLP
4            405 Howard Street
             San Francisco, CA 94105
5            Tel: (415) 773-5700
             Fax: (415) 773-5759
6            Email: alivingston@orrick.com
             Email: kmantoan @orrick.com
7            Email: aheifetz@orrick.com

8        8.19    Plaintiff and Plaintiff's counsel represent and warrant that Plaintiff has not

9    assigned, encumbered, or in any manner transferred in whole or in part the Settlement Class

10   Released Claims or the Class Representative Released Claims.

11       8.20    Execution in Counterparts.  The Parties may execute this Agreement in

12   counterparts and/or by e-mailed PDF, and execution of counterparts shall have the same force and

13   effect as if all Parties had signed the same instrument.

14       IN WITNESS HEREOF the undersigned, being duly authorized, have caused this

15   Agreement to be executed on the dates shown below.

16                          *[signature pages to follow]*

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION SETTLEMENT AGREEMENT
CASE NO. 4:16-cv-02843-YGR

DocuSign Envelope ID: 29B27DB2-D429-4F6D-BDED-938ADF2D5EA7

1   AGREED TO AND ACCEPTED:

2

3

4   Dated: 11/9/2017 _____, 2017

5   Alyssa Martinez (nee Alyssa Burnthorne)
    Plaintiff

6

7   Dated: _____, 2017

8   SEPHORA USA, INC.
    By:    Eric Baysinger, Esq.
           Vice President and General Counsel

9

10   APPROVED AS TO FORM AND AGREED AS TO PARAGRAPHS 8.1 AND 8.2:

11

12

13   Dated: _____, 2017

14   Shaun Setareh, Esq.
     SETAREH LAW GROUP
     Counsel for Plaintiff

15

16   APPROVED AS TO FORM:

17

18

19   Dated: _____, 2017

20   Andrew R. Livingston, Esq.
     ORRICK, HERRINGTON & SUTCLIFFE LLP
     Counsel for Defendant

21

22

23

24

25

26

27

28

-23-

1    AGREED TO AND ACCEPTED:

2

3

4    Dated: _____, 2017

5                                                _____
                                                Alyssa Martinez (nee Alyssa Burnthorne)
                                                Plaintiff
6

7    Dated: November 9, 2017

8                                                _____
                                                SEPHORA USA, INC.
                                                By:   Eric Baysinger, Esq.
9                                                      Vice President and General Counsel

10   APPROVED AS TO FORM AND AGREED AS TO PARAGRAPHS 8.1 AND 8.2:

11

12

13   Dated: _____, 2017

14                                               _____
                                                Shaun Setareh, Esq.
                                                SETAREH LAW GROUP
15                                              Counsel for Plaintiff

16   APPROVED AS TO FORM:

17

18

19   Dated: November 9, 2017

20                                               _____
                                                Andrew R. Livingston, Esq.
                                                ORRICK, HERRINGTON & SUTCLIFFE LLP
21                                              Counsel for Defendant

22

23

24

25

26

27

28

                                        -23-        CLASS ACTION SETTLEMENT AGREEMENT
                                                    CASE NO. 4:16-cv-02843-YGR

1

## SCHEDULE OF EXHIBITS

2

Exhibit A                    Class Notice

3

Exhibit B                    Request for Exclusion

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION SETTLEMENT AGREEMENT
CASE NO. 4:16-CV-02843-YGR

# EXHIBIT A

# CLASS NOTICE

*Burnthorne-Martinez v. Sephora USA, Inc.*
Case No. 16-cv-02843-YGR
United States District Court, Northern District of California

---

**Did you apply for a retail store position with Sephora USA, Inc. at any point from April 22, 2011, through November 1, 2017?**

**If yes, please read this Notice carefully. You may be entitled to receive <u>money</u> in connection with a class settlement.**

---

*THIS IS A COURT AUTHORIZED NOTICE – NOT AN ATTORNEY SOLICITATION*

TO:   [NAME]

The total approximate Settlement payment that you are estimated to receive (subject to change; see Paragraph 7 below) is:

[INSERT]

## 1.   **Why Should I Read This Notice?**

The purpose of this Notice is to inform you that your rights may be affected by the proceedings in a class action lawsuit ("Lawsuit") against Sephora USA, Inc. ("Sephora"). The Lawsuit is pending in the United States District Court for the Northern District of California. At this time, a settlement has been preliminarily approved by the Court. This Notice discusses the steps you may take to receive compensation in connection with the settlement.

Your options are explained in this Notice. If you have questions, you may call Setareh Law Group ("Class Counsel") by dialing (310) 888-7771. You may also call [INSERT ADMINISTRATOR INFO]. Please do not call the Court.

## 2.   **What Is This Case About?**

- Alyssa Burnthorne-Martinez ("Plaintiff" or "Class Representative") sued Sephora on April 22, 2016. Plaintiff alleged that the pre-employment background check that Sephora requested violated the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, and California state law because she allegedly did not receive adequate pre-screening disclosures. She sought to bring claims both on his own behalf and on behalf of other Sephora employees, as defined below.

- Sephora denies all claims and asserts that it has not violated any relevant laws in connection with the Lawsuit.

- With the help of an experienced and well-respected mediator, the claims at hand have been settled. The Court has preliminarily approved the settlement.

- If you qualify as a class member, you are eligible to receive money from the settlement.

- Your rights and options are explained in this Notice.

- Deadlines to exercise your rights and options are also explained in this Notice.

- Your rights will be affected whether you act or not.

- The Court in charge of the case is the United States District Court for the Northern District of California.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS CLASS ACTION LAWSUIT | |
| --- | --- |
| **EXCLUDE YOURSELF** | If you exclude yourself, you WILL NOT receive payment. You WILL have the option to file your own lawsuit regarding the claims resolved by this settlement or those that are sufficiently related. You WILL NOT be bound by the release explained in this notice below. |
| **OBJECT** | If you do not exclude yourself, you may object to the settlement. If you object, you should write to the Court explaining why you do not agree with the settlement. The Court may or may not agree with your objection. |
| **DO NOTHING** | You do not need to do anything to receive money. Money will be automatically paid to you if you do not request exclusion. You WILL give up any rights to sue Sephora for the claims made in this Lawsuit or any that are sufficiently related. You WILL be bound by the release explained in this notice below. |

### 3.   Who is part of the Class?

The Class consists of all individuals who both: (a) applied for a retail store position in the United States with Sephora for whom Sephora requested a background check report from its vendor Accurate Background and (b) for whom a background check report was subsequently generated by Accurate Background for Sephora at any time between April 22, 2011 and November 1, 2017 (the "Class Period").

**4.     Why did I receive this Notice?**

Sephora's records indicate that you applied for a retail store position in the United States with Sephora, and that Sephora requested a background check report that was subsequently generated by its vendor Accurate Background during the Class Period. You were sent this Notice because you have a right to know about a potential settlement of a class action lawsuit that may affect your legal rights and entitle you to payment.

**5.     Why is there a Settlement?**

After investigating the facts, claims, and defenses relevant to this Lawsuit, both sides agreed to a settlement. The Court did not decide in favor of either the Class Representative or Sephora (the "Parties"). Settlement was reached because the Parties believe that the amount agreed to is fair and reasonable in light of the strengths and weaknesses of the claims at hand and other factors. By agreeing to this settlement, both sides avoid the costs and risks of trial, and Class members who do not exclude themselves can receive compensation.

**6.     What does the Settlement provide?**

The Settlement provides for a gross payment of $750,000 ("Settlement Amount") to be made by Sephora in exchange for a limited release (see Section 11 below for more details concerning the release") from all Class members, other than those who exclude themselves as instructed by this Notice. The release applies to any of the claims brought by the Class Representative in this Lawsuit or any claims that are sufficiently related to those brought by Class Representative in this Lawsuit.

Class Counsel will ask the Court for certain deductions from the Settlement Amount. Specifically, Class Counsel will ask the Court to approve: (1) attorneys' fees in an amount up to ____% of the Gross Settlement Fund, or up to $_____; (2) accrued litigation costs estimated at $_____; (3) a service award for the Class Representative, not exceeding $2,500, as compensation for the risks, time, and expense of her involvement in this Lawsuit and for signing a broader, general release; (4) an estimated $_____ in administration fees for the Claims Administrator for the expense of notifying Class Members, processing exclusions, distributing settlement payments, and all other related duties.

Assuming the Court approves these deductions, $_____ would remain of the Settlement Amount to be available as a Net Settlement Fund for payments to Class members.

**7.     How much can I get from Settlement?**

All Class members will receive Settlement payments based on the number of background check reports requested by Sephora and generated by Accurate Background regarding them during the Class Period, as long as they do not request exclusion from the Settlement.  The number of background check reports requested and generated were determined using Sephora's records.

The Settlement payment that you are projected to receive (listed above) may change depending on the number of Class members who request exclusion. Settlement funds, after Court-approved deductions, will be completely distributed to Class Members.

**8.**   **Do I have to pay taxes on the money I receive?**

Taxes will not be withheld from your settlement payment and you will be issued a 1099-MISC form. Class members are responsible for characterizing and paying the appropriate taxes due on the settlement amounts they receive.

**9.**   **How can I get a payment?**

You will get payment automatically if you do not request exclusion.

**10.**   **When would I get my payment?**

The Court will hold a Final Approval hearing on or about _____ a.m./p.m. on _____ in Courtroom 1 – 4th Floor of the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612. If the Court approves the settlement, your Settlement payment will be mailed to you within approximately 80 days unless there are appeals. If there are any appeals, you will receive payment (assuming the Settlement remains intact) after the appeals process.

**11.**   **What rights do I give up if I do not exclude myself from this Lawsuit?**

Unless you exclude yourself, you will be a part of the Settlement Class. In other words, you will not be able to sue, continue to sue (if applicable), or be part of any other lawsuit against Sephora that involves the claims alleged or is sufficiently related to the claims alleged in the Lawsuit.   The release applies to any of the claims brought by the Class Representative in the Lawsuit or any claims that are sufficiently related to those brought by Class Representative in the Lawsuit.

**Unless you exclude yourself, you will be bound by the judgment ordered by the Court in this Lawsuit, including the Release detailed below:**

Upon the Effective Date, each of the Settlement Class Members, on behalf of themselves and each of their respective agents, successors, heirs, and assigns, will be deemed to have, and by operation of the Judgment will have, fully, finally, and forever released, relinquished and discharged the Released Parties from the following claims through and including November 1, 2017: all claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq.; all claims under the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal Civ. Code § 1785.1 et seq.; all claims under the California Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code § 1780 et seq.; and all claims or causes of action  that are pled in or reasonably related to claims and potential claims in the Litigation, including but not limited to any and all claims related to or arising out of any background check requested or procured by Defendant or the disclosures or other documentation provided (or not provided) to any Settlement Class Member in connection with any such background check (the "Settlement Class Released Claims").

With regard to the Settlement Class Released Claims, the Settlement Class Members expressly waive all rights under California Civil Code section 1542, which states:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.

A Settlement Class Member may hereafter discover facts in addition to or different from those which she now knows or believes to be true with respect to the subject matter of the Settlement Class Released Claims, but she shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Settlement Class Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

All Settlement Class Members shall be bound by this release unless they formally request exclusion from this Settlement by submitting a valid and timely Request for Exclusion.

Consistent with the foregoing, Settlement Class Members may not sue or otherwise make a claim against any of the Released Parties that is in any way related to, arises out of, or is connected with any of the Settlement Class Released Claims.

## 12.   <u>How do I exclude myself from the Settlement?</u>

The Court will exclude from the class any member who requests exclusion. You may exclude yourself by submitting a written request for exclusion to the Settlement Administrator, using the Request for Exclusion form provided with this Notice which includes your name, social security number, address, signature, and a statement indicating your desire not to participate in the Settlement. Your request for exclusion must be postmarked no later than _____ to:

[INSERT ADMINISTRATOR INFO]

If you do not submit a timely request for exclusion, you will be included in the Settlement Class, and be bound by the terms of the Settlement, specifically the release language mentioned directly above.

## 13.   <u>How do I object to the Settlement?</u>

Settlement Class members may object to the Settlement by submitting a written objection on or before _____ to the Claims Administrator, which in turn will be collected by the Claims Administrator and submitted to the Court in advance of Final Approval.  That objection should contain information sufficient to establish (under penalty of perjury) that the individual objecting is a Settlement Class Member and provide a detailed statement of any objection asserted, including the grounds therefore and reasons, if any, for requesting the opportunity to appear and be heard at the Final Approval Hearing.  A Settlement Class Member may also appear at the Final Approval Hearing, either in person or through his or her own legal representative.  If you wish to make an appearance at the Final Hearing, either through counsel or *in propia persona* (you choose to represent yourself), you will be

responsible for your own litigation fees and costs.

The Court may or may not accept your objection. If the Court rejects your objection, you will still be bound by the terms of the Settlement. The objecting party must also make him or herself available upon reasonable notice for deposition taken by either Class Counsel or counsel for Sephora and/or respond to written discovery propounded by either party.

## 14.   Do I need a lawyer?

You do not need to hire your own lawyer, because Class Counsel is working on your behalf. However, if you want your own lawyer, you are free to hire one at your own expense.  The attorneys for the Class Representative and the Class, as well as Sephora's attorneys, are identified below:

| Class Counsel: | Counsel for Sephora: |
|---|---|
| Shaun Setareh | Andrew R. Livingston |
| Thomas Segal | Kathryn G. Mantoan |
| SETAREH LAW GROUP | Alexandra Heifetz |
| 9454 Wilshire Boulevard | ORRICK, HERRINGTON & |
| Suite 907 | SUTCLIFFE LLP |
| Beverly Hills, California 90212 | 405 Howard Street |
| Tel.: 310-888-7771 | San Francisco, CA 94105 |
| Fax: 310-888-0109 | Tel: (415) 773-5700 |
| | Fax: (415) 773-5759 |

## 15.   When and where is the Final Approval Hearing?

The Court will hold a Final Approval hearing on or about _____ a.m./p.m. on _____ in Courtroom 1 – 4th Floor of the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612. At that time, the Court will ultimately determine whether the settlement is fair, reasonable and adequate.

The Court will also consider any objections at this time, and hear Class Counsel's motion for approval of attorney's fees and costs and Plaintiff's enhancement award. It is not necessary for you to appear at this hearing unless you desire to object to the settlement.

## 16.   How do I get additional information?

This Notice only summarizes the terms of the Settlement. For more information and to read all paperwork submitted in connection with this Lawsuit, refer to the documents on file with the Clerk of the Court, case number 16-cv-02843-YGR. These documents may be examined during regular business hours at the Clerk's Office of United State District Court, Suite 400 S, Ronald V. Dellums Federal Building  & United States Courthouse, 1301 Clay Street, Oakland, CA 94612.

**PLEASE DO NOT WRITE OR TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT.**

# EXHIBIT B

*Burnthorne-Martinez v. Sephora USA, Inc.*
Case No. 16-cv-02843-YGR
United States District Court, Northern District of California

## REQUEST FOR EXCLUSION

**_Return this form ONLY if: You do not wish to participate in this Action and to receive the settlement payment described in the accompanying Notice of Class Action Settlement._**

As a Class Member, I understand that I have the option to elect to request exclusion from—or "opt out" of—the Settlement Class, as described in the accompanying Notice. I understand that by electing to request exclusion from the *Burnthorne-Martinez v. Sephora USA, Inc.* Lawsuit, I will not receive any portion of the Settlement which I would otherwise have been entitled to receive. I understand that by exercising this option, I will remain free to prosecute my own claims, if any, against Sephora subject to applicable statute of limitations and other applicable restrictions. I also understand that if I desire representation by an attorney, I will need to hire or otherwise retain an attorney for that purpose at my own expense

With full understanding of the foregoing, I wish to exclude myself from this Lawsuit, the Settlement, and the Judgment.

Name (First, Middle, Last): _____

Former Names (if any): _____

Home Street Address: _____

City, State, Zip Code: _____

Telephone Number(s): Home: _____ Work: _____

Email: _____

Last 4 digits of Social Security Number: XXX-XX- ___ ___ ___ ___

Dated: _____

_____
Signature          **[Required]**

Mail this form back to the Settlement Administrator [INSERT ADDRESS] before _____, 2018.