# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

**ALYSSA BURNTHORNE-MARTINEZ,**

Plaintiff**,**

v.

**SEPHORA USA, INC.,**

Defendant**.**

CASE NO. 16-cv-02843-YGR

**ORDER RE: MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Re: Dkt. No. 85

In anticipation of the hearing on December 19, 2017, the parties are advised that the Court has now implemented a process to gather additional information to aid the Court in its assessment of the final approval settlement and to require an audit after distributions. Plaintiff's counsel is directed to provide further information as set forth below by no later than **December 27, 2017**. The information should be provided in a summary chart format, preferably similar to that shown in Appendix A hereto from William B. Rubenstein, *The Fairness Hearing: Adversarial and Regulatory Approaches*, 53 UCLA L. REV. 1435, 1460 (2006),[1] and in the other samples provided by the Court therein. However, the Court requires one modification, namely, to the extent that plaintiff seeks reimbursement for expert fees, those shall be separately identified.

In addition, the Court has reviewed the proposed Class Notice at Docket No. 85-2. Ideally, the chart setting forth the class members' options would be on the **first page** of the Notice and

---

[1] Counsel are referred to further discussion on these issues in Nicholas M. Pace and William Rubenstein, "Shedding Light on Outcomes in Class Actions," in CONFIDENTIALITY, TRANSPARENCY, AND THE U.S. CIVIL JUSTICE SYSTEM, Ch. 2 (Joseph W. Doherty, Robert T. Reville, and Laura Zakaras, eds., Oxford University Press, 2008).

include a table of contents.  Samples are provided in Appendix B hereto.

**IT IS SO ORDERED.**

Dated: December 18, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# APPENDIX A

## Preapproval Notice
### In re Megasoft Antitrust Case
*All figures are best estimates as of July 1, 2006*

| | % Total Settlement |
|---|---|
| **Settlement** $50 million | **100%** |
| **Plaintiff fund** $38.5 million | **77%** |
| Expected claims $4.7 million | 9% |
| Class members 500,000 | |
| Projected claims 60,000 (12%) | |
| Settlement per class member $79* | |
| Expected residual $33.8 million | 68% |
| Cy pres – Public schools $22.5 million | |
| Reversion – Megasoft $11.3 million | |
| **Attorney fees requested** $10 million | **20%** |
| Lodestar $4.0 million | |
| Hours 10,000 | |
| Melded billing rate $400/hr | |
| **Multiplier 2.5** | |
| **Attorney costs** $0.5 million | **1%** |
| **Administrative costs** $1 million | **2%** |

The median award for class members filing a claim is estimated to be **$79.** Instructions for filing your claim appear elsewhere in this settlement notice.

* Settlement per class member is based on median damage. Actual individual settlements may be higher or lower depending on factual circumstances.

This settlement received an 'A' grade from the Class Action Settlement Rating Association.

## Postclaim Filing Audit
### In re Megasoft Antitrust Case
*All figures are actual amounts as of June 30, 2007*

| | % Total Settlement |
|---|---|
| **Settlement** $50 million | **100%** |
| **Claims paid** $5.9 million | **12%** |
| Class members sent notice 500,000 | |
| Actual claims 74,700 (15%) | |
| Opt-outs 2,000 (0.4%) | |
| Median recovery per claimant $79 | |
| **Residual** $34.3 million | **69%** |
| Cy pres distribution $22.9 million | |
| Reversion $11.4 million | |
| **Attorney fees awarded** $8.3 million | **17%** |
| Portion of distributed fund 22% | |
| **Attorney costs** $0.5 million | **1%** |
| **Administrative costs** $1 million | **2%** |

**FIGURE 2.1** Model Simplified Notices (from Rubenstein 2006)

# Preapproval Stage

*In re Ubiquiti Networks, Inc. Sec. Litig.*, No. 12-cv-4677 (N.D. Cal.)

*All figures are best estimates as of the date of the final approval motion*

|  | % Total Settlement |
|---|---|
| **Settlement** $6.8 million | **100%** |
| **Est. Net Settlement Fund** $4,650,000 | **68%** |
| **Expected Claims** | UKN |
| Class members 15,000* | |
| Projected claims 2,250 | 15% |
| Recovery per share** | $1.00 |
| **Expected Residual** $0-$20,000 | **0%** |
| Cy pres $0-$20,000 | |
| Reversion $0 | |
| **Estimated Attorney Fees** $1.7 million | **25%** |
| **Lodestar** $2,732,046 | |
| Hours 4,148 | |
| Average billing rate $659/hr | |
| **Multiplier** 0.62 | |
| **Estimated Attorney Costs** $200,000 | **3%** |
| **Est. Administrative Costs** $250,000 | **4%** |

*Based on estimated number of notices to be mailed.
**Recovery per share is based on consulting expert's estimate of number of damaged shares. Actual individual payments per share may be higher or lower depending on factual circumstances. Settlement payments per class member cannot be estimated at this time.

# Preapproval Stage

**In re Café Press Inc. S'holder Litig.,**
**No. CIV522744 (Cal Super. Ct. San**
**Mateo Cty.)**

*All figures are best estimates as of the date of the final approval motion*

| | % Total Settlement |
|---|---|
| **Settlement** $8.0 million | **100%** |
| **Est. Net Settlement Fund*** | **N/A** |
| **Expected Claims** | UKN |
| Class members | UKN |
| Projected claims | UKN |
| Recovery per share** | $1.79 |
| **Expected Residual** $0-$20,000 | **0%** |
| Cy pres $0-$20,000 | |
| Reversion $0 | |
| **Estimated Attorney Fees** $2.4 million | **30%** |
| **Lodestar** $2,492,453 | |
| Hours 5,362 | |
| Average billing rate $465/hr | |
| **Multiplier** 0.96 | |
| **Estimated Attorney Costs** $175,000 | **2.2%** |
| **Est. Administrative Costs*** | **N/A** |

*Not estimated.
**Recovery per share is based on consulting expert's estimate of number of damaged shares. Actual individual payments per share may be higher or lower depending on factual circumstances. Settlement payments per class member cannot be estimated at this time.

# Postclaim Filing Audit

**In re Café Press Inc. S'holder Litig.,**
**No. CIV522744 (Cal Super. Ct. San**
**Mateo Cty.)**

*All figures are actual amounts as of December 1, 2017*

| | % Total Settlement |
|---|---|
| **Settlement** $8,015,105* | **100%** |
| **Claims Paid** $5,319,901 | **67%** |
| Class members sent notice 12,499 | |
| Actual claims 3,159 (25%) | |
| Opt-outs 1 (0.01%) | |
| Mean recovery (per eligible claimant) $1,684** | |
| **Residual** $0 | **0%*** |
| Cy pres distribution $0 | |
| Reversion $0 | |
| **Attorney Fees Awarded** $2,400,972 | **30%** |
| Portion of distributed fund 45% | |
| **Attorney Costs Awarded** $131,446 | **1.6%** |
| Portion of distributed fund 2.5% | |
| **Lead Plaintiff Award** $5,000 | **0.06%** |
| **Administrative Costs** $157,787 | **2.0%** |

*Includes interest.
**Median recovery not available.
***All funds distributed or applied to administrative costs.

# Preapproval Stage

*Citiline Holdings, Inc. v. iStar Fin. Inc., et al.*, Case No. 1:08-cv-03612-RJS (S.D.N.Y.)

*All figures are best estimates as of the date of the final approval motion*

| | % Total Settlement |
|---|---|
| **Settlement** $29.0 million | **100%** |
| **Est. Net Settlement Fund*** | **N/A** |
| **Expected Claims** | UKN |
| Class members | UKN |
| Projected claims | UKN |
| Recovery per share** | $0.40 |
| **Expected Residual** $0-$20,000 | 0% |
| Cy pres $0-$20,000 | |
| Reversion $0 | |
| **Estimated Attorney Fees** $8.7 million | **30%** |
| **Lodestar** $6,116,253 | |
| Hours 15,109 | |
| Average billing rate $404/hr | |
| **Multiplier** 1.4 | |
| **Estimated Attorney Costs** $325,000 | **1.1%** |
| **Est. Administrative Costs*** | **N/A** |

*Not estimated.
**Recovery per share is based on consulting expert's estimate of number of damaged shares. Actual individual payments per share may be higher or lower depending on factual circumstances. Settlement payments per class member cannot be estimated at this time.

# Postclaim Filing Audit

*Citiline Holdings, Inc. v. iStar Fin. Inc., et al.*, Case No. 1:08-cv-03612-RJS (S.D.N.Y.)

*All figures are actual amounts as of December 1, 2017*

| | % Total Settlement |
|---|---|
| **Settlement** $29.0 million* | **100%** |
| **Claims Paid** $19,712,042 | **68%** |
| Class members sent notice 36,000 | |
| Actual claims 9,821 (27%) | |
| Opt-outs 7 (0.02%) | |
| Mean recovery (per eligible claimant) $2,008** | |
| **Residual** $0 | **0%*** |
| Cy pres distribution $0 | |
| Reversion $0 | |
| **Attorney Fees Awarded** $8.7 million | **30%** |
| Portion of distributed fund 44% | |
| **Attorney Costs Awarded** $234,902 | **0.8%** |
| Portion of distributed fund 1.2% | |
| **Administrative Costs** $353,576 | **1.2%** |

*Includes interest.
**Median recovery not available.
***All funds distributed or applied to administrative costs.

# Preapproval Stage

**In Re Hewlett-Packard Company Sec. Litig.,**
**SACV 11-1404 (C.D. Cal.)**
*All figures are best estimates as of the date of the final approval motion*

| | % Total Settlement |
|---|---|
| **Settlement** $57 million | **100%** |
| **Est. Net Settlement Fund*** | **NA** |
| Expected Claims | UKN |
| Class members | UKN |
| Projected claims | UKN |
| Recovery per share** | $0.09 |
| **Expected Residual** $0-$20,000 | **0%** |
| Cy pres $0-$20,000 | |
| Reversion $0 | |
| **Estimated Attorney Fees** $14.25 million | **25%** |
| **Lodestar** $7,525,052 | |
| Hours 13,048 | |
| Average billing rate $577/hr | |
| **Multiplier** 1.89 | |
| **Estimated Attorney Costs** $525,000 | **0.9%** |
| **Est. Administrative Costs*** | **N/A** |

*Not estimated.
**Recovery per share is based on consulting expert's estimate of number of damaged shares. Actual individual payments per share may be higher or lower depending on factual circumstances. Settlement payments per class member cannot be estimated at this time.

# Postclaim Filing Audit

**In re Hewlett-Packard Company Sec. Litig.,**
**SACV 11-1404 (C.D. Cal.)**
*All figures are actual amounts as of December 1, 2017*

| | % Total Settlement |
|---|---|
| **Settlement** $57,022,317* | **100%** |
| **Claims Paid** $39,786,688 | **70%** |
| Class members sent notice 800,000 | |
| Actual claims 240,734 (30%) | |
| Opt-outs 20 (0.0025%) | |
| Mean recovery (per eligible claimant) $773** | |
| **Residual** $40,618*** | **0.07%** |
| Cy pres distribution $0 | |
| Reversion $0 | |
| **Attorney Fees Awarded** $14,251,631 | **25%** |
| Portion of distributed fund 36% | |
| **Attorney Costs Awarded** $333,443 | **0.6%** |
| Portion of distributed fund 0.8% | |
| **Lead Plaintiff Award** $20,117 | **0.04%** |
| **Administrative Costs** $2,589,820 | **4.5%** |

*Includes interest.
**Median recovery not available.
***Subject to additional distribution/application to unpaid administrative costs

## Preapproval Stage

***In re Kosmos Energy Ltd. Sec. Litig.,***
**Case no. 3:12-cv-373-B (N.D. Tex.)**
*All figures are best estimates as of the date of the final approval motion*

| | % Total Settlement |
|---|---|
| **Settlement** $10.2 million | **100%** |
| **Est. Net Settlement Fund\*** | **N/A** |
| **Expected Claims** | UKN |
| Class members | UKN |
| Projected claims | UKN |
| Recovery per share\*\* | $0.30 |
| **Expected Residual** $0-$20,000 | **0%** |
| Cy pres $0-$20,000 | |
| Reversion $0 | |
| **Estimated Attorney Fees** $2.295 million | **23%** |
| **Lodestar** $2,590,827 | |
| Hours 5,472 | |
| Average billing rate $473/hr | |
| **Multiplier** 0.89 | |
| **Estimated Attorney Costs** $275,000 | **2.7%** |
| **Est. Administrative Costs\*** | **N/A** |

\*Not estimated.
\*\*Recovery per share is based on consulting expert's estimate of number of damaged shares. Actual individual payments per share may be higher or lower depending on factual circumstances. Settlement payments per class member cannot be estimated at this time.

## Postclaim Filing Audit

***In re Kosmos Energy Ltd. Sec. Litig.,***
**Case no. 3:12-cv-373-B (N.D. Tex.)**
*All figures are actual amounts as of December 1, 2017*

| | % Total Settlement |
|---|---|
| **Settlement** $10,201,931\* | **100%** |
| **Claims Paid** $7,531,795 | **74%** |
| Class members sent notice 15,581 | |
| Actual claims 3,877 (21%) | |
| Opt-outs 0 (0.0%) | |
| Mean recovery (per eligible claimant) $1,943\*\* | |
| **Residual** $0 | **0%\*\*\*** |
| Cy pres distribution $0 | |
| Reversion $0 | |
| **Attorney Fees Awarded** $2,295,175 | **23%** |
| Portion of distributed fund 31% | |
| **Attorney Costs Awarded** $159,981 | **1.6%** |
| Portion of distributed fund 1% | |
| **Administrative Costs** $214,980 | **2.1%** |

\*Includes interest.
\*\*Median recovery not available.
\*\*\*All funds distributed or applied to administrative costs.

# Preapproval Stage

***In re Pacific Biosciences of California Inc. Sec. Litig.*, No. CIV509210 (Cal Super. Ct. San Mateo Cty.)**

*All figures are best estimates as of the date of the final approval motion*

| | % Total Settlement |
|---|---|
| **Settlement** $7,686,495 | **100%** |
| **Est. Net Settlement Fund\*** | **N/A** |
| **Expected Claims** | UKN |
| Class members | UKN |
| Projected claims | n/a |
| Recovery per share\*\* | $ |
| **Expected Residual** $0-$20,000 | **0%** |
| Cy pres $0-$20,000 | |
| Reversion $0 | |
| **Estimated Attorney Fees** $2.26 million | **29%** |
| **Lodestar** $1,571,884 | |
| Hours 2,753 | |
| Average billing rate $571/hr | |
| **Multiplier** 1.4 | |
| **Estimated Attorney Costs** $156,000 | **2.0%** |
| **Est. Administrative Costs\*** | **N/A** |

\*Not estimated.
\*\*Recovery per share is based on consulting expert's estimate of number of damaged shares. Actual individual payments per share may be higher or lower depending on factual circumstances. Settlement payments per class member cannot be estimated at this time.

# Postclaim Filing Audit

***In re Pacific Biosciences of California Inc. Sec. Litig.*, No. CIV509210 (Cal Super. Ct. San Mateo Cty.)**

*All figures are actual amounts as of December 1, 2017*

| | % Total Settlement |
|---|---|
| **Settlement** $7,803,398\* | **100%** |
| **Claims Paid** $5,206,792 | **67%** |
| Class members sent notice 18,880 | |
| Actual claims 3,503 (18.5%) | |
| Opt-outs 1 (0.01%) | |
| Mean recovery (per claimant) $1,487\*\* | |
| **Residual** $1,464 | **0.02%\*\*** |
| Cy pres distribution $0 | |
| Reversion $0 | |
| **Attorney Fees Awarded** $2.26 million | **29%** |
| Portion of distributed fund 43% | |
| **Attorney Costs Awarded** $113,000 | **1.5%** |
| Portion of distributed fund 2.1% | |
| **Administrative Costs** $223,607 | **2.9%** |

\*Includes interest.
\*\*Median recovery not available.
\*\*\*Subject to additional distribution.

# Preapproval Stage

**Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp., et al., Case No. 08-cv-10446 (D. Mass)**

*All figures are best estimates as of the date of the final approval motion*

| | % Total Settlement |
|---|---|
| **Settlement** $21.2 million | **100%** |
| Est. Net Settlement Fund* | N/A |
|   **Expected Claims** | UKN |
|    Class members | UKN |
|    Projected claims | UKN |
|    Recovery per share** | $18.92 |
|   **Expected Residual** $0-$20,000 | 0% |
|    Cy pres $0-$20,000 | |
|    Reversion $0 | |
| **Estimated Attorney Fees** $5.3 million | 25% |
|   **Lodestar** $5,217,913 | |
|   Hours 10,790 | |
|   Average billing rate $484/hr | |
|   **Multiplier** 1.01 | |
| **Estimated Attorney Costs** $825,000 | 3.9% |
| **Est. Administrative Costs*** | N/A |

*Not estimated.
**Recovery per share is based on consulting expert's estimate of number of damaged shares. Actual individual payments per share may be higher or lower depending on factual circumstances. Settlement payments per class member cannot be estimated at this time.

# Postclaim Filing Audit

**Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp., et al., Case No. 08-cv-10446 (D. Mass)**

*All figures are actual amounts as of December 1, 2017*

| | % Total Settlement |
|---|---|
| **Settlement** $21,200,836* | **100%** |
| **Claims Paid** $14,982,205 | 71% |
|   Class members sent notice 13,014 | |
|   Actual claims 639 (4.9%) | |
|   Opt-outs 1 (0.01%) | |
|   Mean recovery (per eligible claimant) $23,446** | |
|   **Residual** $1,772 | 0.01%*** |
|   Cy pres distribution $0 | |
|   Reversion $0 | |
| **Attorney Fees Awarded** $5.3 million | 25% |
|   Portion of distributed fund 35% | |
| **Attorney Costs Awarded** $741,808 | 3.5% |
|   Portion of distributed fund 5% | |
| **Lead Plaintiff Award** $505 | 0.02% |
| **Administrative Costs** $174,546 | 0.8% |

*Includes interest.
**Median recovery not available.
***Subject to additional distribution.

# Preapproval Stage

***Plymouth Cty. Ret. Sys. v. Model N, Inc.**, No. 530291 (Cal. Super. Ct.. San Mateo Cty.)*

*All figures are best estimates as of the date of the final approval motion*

| | % Total Settlement |
|---|---|
| **Settlement** $8.55 million | **100%** |
| **Est. Net Settlement Fund*** | **N/A** |
| **Expected Claims** | UKN |
| Class members | UKN |
| Projected claims | UKN |
| Recovery per share** | $1.10 |
| **Expected Residual** $0-$20,000 | **0%** |
| Cy pres $0-$20,000 | |
| Reversion $0 | |
| **Estimated Attorney Fees** $2.565 million | **30%** |
| **Lodestar** $1,827,735 | |
| Hours 3,281 | |
| Average billing rate $557/hr | |
| **Multiplier** 1.4 | |
| **Estimated Attorney Costs** $100,000 | **1.2%** |
| **Est. Administrative Costs*** | **N/A** |

*Not estimated.
**Recovery per share is based on consulting expert's estimate of number of damaged shares. Actual individual payments per share may be higher or lower depending on factual circumstances. Settlement payments per class member cannot be estimated at this time.

# Postclaim Filing Audit

***Plymouth Cty. Ret. Sys. v. Model N, Inc.**, No. 530291 (Cal. Super. Ct.. San Mateo Cty.)*

*All figures are actual amounts as of December 1, 2017*

| | % Total Settlement |
|---|---|
| **Settlement** $8,566,326* | **100%** |
| **Claims Paid** $5,789,433 | **68%** |
| Class members sent notice 27,728 | |
| Actual claims 2,202 (7.9%) | |
| Opt-outs 0 (0.0%) | |
| Mean recovery (per eligible claimant) $2,629** | |
| **Residual** $0 | **0%*** |
| Cy pres distribution $0 | |
| Reversion $0 | |
| **Attorney Fees Awarded** $2,573,820 | **30%** |
| Portion of distributed fund 44% | |
| **Attorney Costs Awarded** $67,156 | **0.8%** |
| Portion of distributed fund 1.2% | |
| **Administrative Costs** $135,917 | **1.6%** |

*Includes interest.
**Median recovery not available.
***All funds distributed or applied to administrative costs.

# Preapproval Stage

***In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-cv-2830 (W.D. Tenn.)**

*All figures are best estimates as of the date of the final approval motion*

| | % Total Settlement |
|---|---|
| **Settlement** $62 million | **100%** |
| **Est. Net Settlement Fund\*** | **NA** |
| **Expected Claims** | UKN |
| Class members | UKN |
| Projected claims | UKN |
| Recovery per share\*\* | $0.67 |
| **Expected Residual** $0-$20,000 | **0%** |
| Cy pres $0-$20,000 | |
| Reversion $0 | |
| **Estimated Attorney Fees** $18.6 million | **30%** |
| **Lodestar** $5,980,680 | |
| Hours 12,910 | |
| Average billing rate $463/hr | |
| **Multiplier** 3.1 | |
| **Estimated Attorney Costs** $550,000 | **0.9%** |
| **Est. Administrative Costs\*** | **N/A** |

\*Not estimated.
\*\*Recovery per share is based on consulting expert's estimate of number of damaged shares. Actual individual payments per share may be higher or lower depending on factual circumstances. Settlement payments per class member cannot be estimated at this time.

# Postclaim Filing Audit

***In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-cv-2830 (W.D. Tenn.)**

*All figures are actual amounts as of December 1, 2017*

| | % Total Settlement |
|---|---|
| **Settlement** $62,173,864\* | **100%** |
| **Claims Paid** $41,216,691 | **66.3%** |
| Class members sent notice 100,000 | |
| Actual claims 21,412 (21%) | |
| Opt-outs 143 (.14%) | |
| Mean recovery (per eligible claimant) $3,118\*\* | |
| **Residual** $65,007\*\*\* | **0.1%** |
| Cy pres distribution $0 | |
| Reversion $0 | |
| **Attorney Fees Awarded** $18.6 million | **30%** |
| Portion of distributed fund 45% | |
| **Attorney Costs Awarded** $380,744 | **0.6%** |
| Portion of distributed fund 0.92% | |
| **Administrative Costs** $1,911,422 | **3%** |

\*Includes interest.
\*\*Median recovery not available.
\*\*\*Subject to additional distribution/application to unpaid administrative costs

# Preapproval Stage

***In re STEC, Inc. Sec. Litig.*, SACV 09-1304 (C.D. Cal.)**

*All figures are best estimates as of the date of the final approval motion*

| | % Total Settlement |
|---|---|
| **Settlement** $35,750,000 | **100%** |
| **Est. Net Settlement Fund*** | **NA** |
| Expected Claims | UKN |
| Class members | UKN |
| Projected claims | UKN |
| Recovery per share** | $0.65 |
| Expected Residual $0-$20,000 | 0% |
| Cy pres $0-$20,000 | |
| Reversion $0 | |
| **Estimated Attorney Fees** $5,988,125*** | **16.75%** |
| Lodestar $20,995,456 | |
| Hours 41,050 | |
| Average billing rate $511/hr | |
| Multiplier 0.27 | |
| **Estimated Attorney Costs** $2.2 million | **6%** |
| **Est. Administrative Costs*** | **N/A** |

*Not estimated.
**Recovery per share is based on consulting expert's estimate of number of damaged shares. Actual individual payments per share may be higher or lower depending on factual circumstances. Settlement payments per class member cannot be estimated at this time.
***Additional fees and expenses were requested by and awarded to non-class counsel.

# Postclaim Filing Audit

***In re STEC, Inc. Sec. Litig.*, SACV 09-1304 (C.D. Cal.)**

*All figures are actual amounts as of December 1, 2017*

| | % Total Settlement |
|---|---|
| **Settlement** $35,780,106* | **100%** |
| **Claims Paid** $26,008,693 | **73%** |
| Class members sent notice 126,879 | |
| Actual claims 18,463 (15%) | |
| Opt-outs 2 (.0016%) | |
| Mean recovery (per eligible claimant) $2,955** | |
| **Residual** $0 | **0%** |
| Cy pres distribution $0 | |
| Reversion $0 | |
| **Attorney Fees Awarded** $7,099,656 | **19.8%** |
| Portion of distributed fund 27% | |
| **Attorney Costs Awarded** $1,993,539 | **5.6%** |
| Portion of distributed fund 7.7% | |
| **Lead Plaintiff Award** $34,408 | **0.1%** |
| **Administrative Costs** $643,810 | **1.8%** |

*Includes interest.
**Median recovery not available.

# Preapproval Stage

**Wiley v. Envivio, Inc.**, No. CIV517185
(Cal. Super. Ct. San Mateo Cty.)

*All figures are best estimates as of the date of the final approval motion*

| | % Total Settlement |
|---|---|
| **Settlement** $8.5 million | **100%** |
| **Est. Net Settlement Fund\*** | **N/A** |
| **Expected Claims** | **UKN** |
| Class members | UKN |
| Projected claims | UKN |
| Recovery per share\* | N/A |
| **Expected Residual** $0-$20,000 | **0%** |
| Cy pres $0-$20,000 | |
| Reversion $0 | |
| **Estimated Attorney Fees** $2.125 million | **25%** |
| **Lodestar** $2,925,839 | |
| Hours 5,976 | |
| Average billing rate $489/hr | |
| **Multiplier** 0.73 | |
| **Estimated Attorney Costs** $100,000 | **1%** |
| **Est. Administrative Costs\*** | **N/A** |

\*Not estimated.

# Postclaim Filing Audit

**Wiley v. Envivio, Inc.**, No. CIV517185
(Cal. Super. Ct. San Mateo Cty.)

*All figures are actual amounts as of December 1, 2017*

| | % Total Settlement |
|---|---|
| **Settlement** $8,514,696\* | **100%** |
| **Claims Paid** $6,157,419 | **72%** |
| Class members sent notice 9,520 | |
| Actual claims 1,307 (13.7%) | |
| Opt-outs 0 (0.0%) | |
| Mean recovery (per eligible claimant) $4,711\*\* | |
| **Residual** $0 | **0%\*\*\*** |
| Cy pres distribution $0 | |
| Reversion $0 | |
| **Attorney Fees Awarded** $2,126,230 | **25%** |
| Portion of distributed fund 34% | |
| **Attorney Costs Awarded** $85,241 | **1%** |
| Portion of distributed fund 1.4% | |
| **Lead Plaintiff Award** $10,000 | **0.12%** |
| **Administrative Costs** $135,806 | **1.6%** |

\*Includes interest.
\*\*Median recovery not available.
\*\*\*All funds distributed or applied to administrative costs.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# APPENDIX B

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
## AND FINAL APPROVAL HEARING

Pursuant to the Order of the United States District Court, Northern District of California (the "Court") entered on February ██, 2014, you are hereby notified as follows:

A proposed settlement (the "Settlement") has been reached between plaintiff Aileen Bernardino ("Plaintiff") and defendant Target Corporation ("Target"), in the class action pending in the Court (the "Action") brought on behalf of the following individuals (the "Class"):

> All persons employed by Target in the State of California all persons employed by Target in the State of California as non-exempt, non-seasonal employees whose employment terminated during the period from July 9, 2009, through ██████████; whose employment, according to company personnel and payroll records, was terminated involuntarily; and who were issued a final paycheck one or more days after their termination date, excluding those individuals who already have resolved the claims to be released under the Settlement, whether by release or adjudication.

You have been identified by Target's records as a member of the Class.  Please read this entire notice carefully.  It may affect your legal rights to money you may be owed in connection with your employment by Target.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Participate in the Settlement** | If you wish to receive a share of the Settlement proceeds, read the enclosed Class Member Information Sheet and confirm that the information about you and your employment with Target is correct.  Your estimated share of the Settlement is printed on the enclosed Class Member Information Sheet.  If it is correct, you do not need to do anything, and you will receive your share of the Settlement at a later date if the Court grants final approval of the Settlement. |
| **Correct Information** | If the Class Member Information Sheet is incorrect, return it to the settlement administrator in accordance with the instructions in this notice. |
| **Exclude Yourself from the Settlement** | If you do not want to participate in the Settlement, you must complete, date, sign, and return your completed Election Not To Participate form postmarked by not later than ████████████, ██, 2014, or else you will be bound by the Settlement. |
| **Object to the Settlement** | If you wish to object to the Settlement, you must follow the directions in this notice. |
| **Participate in the Hearing** | If you submit a valid and timely objection to the Settlement, you may also indicate in the objection whether you which to appear and be heard at the time of the final approval hearing. |
| **Do Nothing** | If you do nothing with respect to this notice, you will receive your share of the Settlement at a later date if the Court grants final approval of the Settlement and you will be bound by the terms of the Settlement. |

## THESE RIGHTS AND OPTIONS, INCLUDING THE DEADLINES BY WHICH TO EXERCISE THEM, ARE EXPLAINED IN THIS NOTICE.

## <u>TABLE OF CONTENTS</u>

**GENERAL INFORMATION REGARDING THIS NOTICE**......................................3

What Is This Notice About?......................................3

What Is This Lawsuit About?......................................3

**SUMMARY OF THE SETTLEMENT**......................................4

Who Is Included in the Settlement?......................................4

What Will I Receive from the Settlement?......................................4

What Are My Rights as a Class Member?......................................8

Participating in the Settlement......................................8

Excluding Yourself from the Settlement......................................8

Objecting to the Settlement......................................9

Participating in the Final Approval Hearing......................................9

Class Member Information Sheet......................................10

Final Approval Hearing......................................10

Getting More Information......................................10

## GENERAL INFORMATION REGARDING THIS NOTICE

### WHAT IS THIS NOTICE ABOUT?

A proposed settlement (the "Settlement") has been reached between plaintiff Aileen Bernardino ("Plaintiff") and defendant Target Corporation ("Target"), in the class action pending in the Court (the "Action") brought on behalf of the following individuals (the "Class"):

> All persons employed by Target in the State of California all persons employed by Target in the State of California as non-exempt, non-seasonal employees whose employment terminated during the period from July 9, 2009, through ▇▇▇▇▇▇▇; whose employment, according to company personnel and payroll records, was terminated involuntarily; and who were issued a final paycheck one or more days after their termination date, excluding those individuals who already have resolved the claims to be released under the Settlement, whether by release or adjudication.

The Court has preliminarily approved the Settlement and conditionally certified the Class for purposes of the Settlement only.  You have received this notice because Target records indicate that you are a member of the Class.  This notice is designed to inform you of how you can object to the Settlement, elect not to participate in the Settlement, or provide corrected information to the Settlement Administrator.  Unless you submit an election not to participate in the Settlement, the Settlement if finally approved by the Court will be binding upon you.

### WHAT IS THIS LAWSUIT ABOUT?

The Action, which is currently pending in the U.S. District Court, Northern District of California, is titled "*Aileen Bernardino, an individual, and all others similarly situated, Plaintiffs v. Target Corporation, Defendant*," No. C-12-4639 YGR (the "Action").

In this Action, Plaintiff alleges that Target failed to pay Class Members final wages timely upon the termination of their employment with Target in violation of California Labor Code section 201.  Plaintiff sues on behalf of herself and all other individuals allegedly similarly situated to her with respect to the claims she asserted.

Target denies and continues to deny all of Plaintiff's material allegations.  Specifically, Target contends, among other things, that it did not willfully fail to pay all final wages due upon termination; that it has a good-faith belief, based in fact and law, that no wages were due to Plaintiff; that a class could not be appropriately certified in the Action for trial purposes; and that if a class were certified for trial purposes, Target's defenses to Plaintiff's claims would be applicable to the claims of the class.

After good-faith negotiations presided over by Magistrate Judge Donna M. Ryu, in which both sides recognized the substantial risk of an uncertain outcome, Plaintiff and Target agreed to settle the Action pursuant to the terms and conditions of the Settlement.

The Settlement represents a compromise and settlement of highly disputed claims.  Nothing in the Settlement is intended or will be construed as an admission by Target that Plaintiff's claims

in the Action have merit or that it has any liability to Plaintiff or the proposed class on those claims.  On the contrary, Target denies any and all such liability.

The parties and their counsel have concluded that the Settlement is advantageous, considering the risks and uncertainties to each side of continued litigation.  The parties and their counsel have determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the members of the Class.

## SUMMARY OF THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

## WHO IS INCLUDED IN THE SETTLEMENT?

You are included in the Settlement if you fall within the following definition:

> All persons employed by Target in the State of California all persons employed by Target in the State of California as non-exempt, non-seasonal employees whose employment terminated during the period from July 9, 2009, through ⬛⬛⬛⬛⬛; whose employment, according to company personnel and payroll records, was terminated involuntarily; and who were issued a final paycheck one or more days after their termination date, excluding those individuals who already have resolved the claims to be released under the Settlement, whether by release or adjudication.

## WHAT WILL I RECEIVE FROM THE SETTLEMENT?

1.  Target will pay $350,000.00 as the Maximum Settlement Amount.[1]  The Maximum Settlement Amount will fund all payments to be made under the Settlement.

2.  Out of the Maximum Settlement Amount, Target will pay to each Class Member who does not submit a valid and timely Election Not to Participate in Settlement a Settlement Share that is calculated as follows:

    a.  Under the Standard Calculation Method, each Class Member will be paid a Settlement Share that is equal to (i) the Days Late for the Class Member (ii) divided by the aggregate Days Late for all Class Members (iii) multiplied by the value of the Net Settlement Amount.

    b.  To the extent any Class Member, under the Standard Calculation Method, is eligible for a Settlement Share that is less than $15.00, the Class Member's Settlement Share will be increased to $15.00, with the shares of all other Class Members with shares greater than $15.00 proportionally decreased, such that every Class Member is eligible for a Settlement Share of at least $15.00.

---

[1]     *PURSUANT TO THE SETTLEMENT, IF, AS OF THE DATE OF PRELIMINARY APPROVAL, THE SIZE OF THE CLASS EXCEEDS 4,478 MEMBERS BY MORE THAN 5%, THE MAXIMUM SETTLEMENT AMOUNT WILL BE INCREASED PROPORTIONATELY.*

The "Net Settlement Amount" means the Maximum Settlement Amount less the Class Representative Payment, the Class Counsel Fees and Expenses Payment, the payment to the Labor and Workforce Development Agency of the State of California (the "LWDA"), the Settlement Administrator's reasonable fees and expenses, and any other fees or expenses (other than attorneys' fees and expenses) incurred in implementing the terms of this Settlement as approved by the Court. If the Court awards less than the amount sought for any of these awards, the difference between the amount sought and the amount awarded will be retained as part of the Net Settlement Amount for distribution to those Class Members who do not submit a valid and timely Election Not to Participate.

3.     Following the court-approved deductions from the Maximum Settlement Amount, the remaining Net Settlement Amount will be paid out entirely to all Class Members who do not submit a timely and valid Election Not to Participate in Settlement, pursuant to the formula set forth in paragraph 2 above.

4.     The Settlement Share for a Class Member will depend on the number of Days Late, whether any Class Members elect not to participate in the Settlement, the amounts awarded by the Court for the payments to Plaintiff, Class Counsel, the LWDA and the Settlement Administrator, and whether any Class Members' Settlement Shares are increased to $15.00. By way of example only, assuming that a Class Member had three Days Late, no Class Member elected not to participate in the Settlement, all payment amounts sought were awarded, and no Settlement Share needs to be increased to $15.00, the Class Member's Settlement Share would be approximately $[XX.XX], calculated as follows:

Maximum Settlement Amount:                $350,000.00[2]

Less:

| | |
|---|---|
| Class Representative Payment | (7,500.00) |
| Class Counsel Fees and Expenses Payment | (102,500.00) |
| LWDA Payment | (10,000.00) |
| Settlement Administrator's Fee | (35,000.00) |

Net Settlement Amount              $195,000.00

Class Member's 3 Days/Class's XX,XXX Days Late     XX.XX

Class Member's Settlement Share (0.00006 x $350,000.00)   $XX.XX

An approximation of your Settlement Share based on these assumptions appears on your Class Member Settlement Information Sheet accompanying this Notice. Your actual Settlement Share may be more or less once awarded. The Settlement Shares and other amounts awarded by the Court will be paid after final court approval of the Settlement, entry of the final judgment, and the exhaustion of all rights to appeal or review, or after any appeal or review has been resolved in favor of the Settlement.

5.     You will be included in the Settlement and receive your proportional share of the Settlement unless you complete, date, sign, and submit by the deadline of _____, 2014, an Election Not to Participate in Settlement that is provided

[2]    *SEE NOTE 1, SUPRA.*

with this notice and in accordance with the conditions for submitting that Election.  If you do not complete and submit the Election in accordance with the conditions for submitting that Election, you will be bound by this Settlement and receive a Settlement Share.  If you do complete and submit by the deadline the Election in accordance with the conditions for submitting the Election, you will be excluded from the Settlement and will not receive a Settlement Share, but you will retain the right you may have, if any, to pursue a claim against Target.

6.      If five percent or more of Class Members, or a number of Class Members whose Settlement Shares would be worth five percent or more of the Net Settlement Amount, timely submit completed Elections Not to Participate in Settlement, Target will have the right, but not the obligation, to void the Settlement and the Parties will have no further obligations under the Settlement, including any obligation by Target to pay the Maximum Settlement Amount, or any amounts that otherwise would have been owed under this Settlement, except that Target will pay the Settlement Administrator's reasonable fees and expenses incurred as of the date that Target exercises its right to void the Settlement. Target will notify Class Counsel and the Court whether it is exercising this right to void not later than 14 days after the Settlement Administrator notifies the Parties of the number of valid Elections Not to Participate in Settlement.

7.      If the Court does not grant final approval of the Settlement or grants final approval conditioned on any material change to the terms of the Settlement with respect to the payments to be made to Class Members or to the LWDA, or the scope of their release of claims, or the final judgment to be entered in the Action, then the Settlement will become null and void; if that occurs, neither Plaintiff nor Target will have further obligations under the Settlement, including any obligation by Target to pay the Maximum Settlement Amount or any amounts that otherwise would have been owed under this Settlement.  An award by the Court of a lesser amount than that sought by Plaintiff and Class Counsel for the Class Representative Payment, the Class Counsel Fees Payment, or the Class Counsel Expenses Payment, will not constitute a material change to the Settlement.

8.      The Court has appointed [SETTLEMENT ADMINISTRATOR] to act as an independent Settlement Administrator and to resolve any dispute concerning the calculation of a Class Member's entitlement to a Settlement Share.

9.      If you dispute the accuracy of any of the information used to calculate your Days Late, shown on your enclosed Class Member Settlement Information Sheet, you must ask the Settlement Administrator to resolve the matter.  In order to do so, you must return your Class Member Settlement Information Sheet to the Settlement Administrator by the deadline of _____, 2014, completed to inform the Settlement Administrator of the fact of the dispute and the basis for your contention that different information is correct for you (including any documentary evidence that you have to support your contention). In the event of such a dispute, Target will manually review its payroll and personnel records to verify the correct information and number of Days Late.  Target's records will have a rebuttable presumption of correctness.   After consultation with you, Class Counsel, and Target, the Settlement Administrator will make a determination of the number of your Days Late and that determination will be final, binding on you and Target, and non-appealable.

10. The Settlement includes a release, as of the date of the Judgment approving the Settlement, of Target Corporation, and its parents, predecessors, successors, subsidiaries, affiliates, trusts, employees, officers, agents, attorneys, stockholders, fiduciaries, other service providers, and related persons and entities, and assigns, from any and all claims, known and unknown, raised or that could have been raised in the Action with respect to its subject matter or otherwise based on or related to any known or unknown claims relating to the timing of payment of final wages upon termination of employment; violations of California Labor Code section 201; penalties under California Labor Code section 203; claims for civil penalties under the California Labor Code Private Attorneys General Act, California Labor Code section 2698 *et seq.* ("PAGA"); any claims of unfair competition under California Business and Professions Code section 17200 *et seq.*; any other associated statutory or civil penalties, whether recovery is founded on federal, state, or municipal law; and any associated claim for interest, attorneys' fees, and costs (the "Class Members' Released Claims"). This release, however, does not cover any claim for any underlying wages allegedly owed to Class Members.

11. The Released Claims include all such claims, whether known or unknown. Thus, if you participate in the Settlement, then even if you discover facts in addition to or different from those that you now know or believe to be true with respect to the subject matter of the Released Claims, those claims will remain released and forever barred. Therefore, if you are a Class Member who does not submit timely and valid an Election Not to Participate in Settlement, with respect to the Class Members' Released Claims only, you expressly waive and relinquish the provisions, rights, and benefits of section 1542 of the California Civil Code, which reads:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

12. **Class Representative Payment:** In addition to her Settlement Share as a Class Member, Plaintiff will seek approval from the Court for a payment of $7,500.00 in consideration of her initiating and pursuing the Action, undertaking the risk of liability for attorneys' fees and expenses in the event she was unsuccessful in the prosecution of the Action, and granting the general release she is granting as part of the Settlement. This payment, which will be paid in addition to her Settlement Share, will be made out of the Maximum Settlement Amount.

13. **Class Counsel Fees and Expenses Payment:** Class Counsel have represented and continue to represent the Class on a contingency-fee basis. That means that attorneys' fees are paid only if money is recovered for the Class. It is common to award attorneys' fees as a percentage of the settlement amount negotiated by the attorneys for the class. As part of the final approval hearing, Shaun Setareh of the Law Office of Shaun Setareh, David Spivak of The Spivak Law Firm, and Louis Benowitz of the Law Offices of Louis Benwitz will request up to $102,500.00, representing $87,500.00 for their attorneys' fees (25% of the Maximum Settlement Amount) and $15,000.00 for their expenses incurred in connection with their work in this case. Target does not oppose this payment. This amount constitutes full and complete compensation for all legal fees, costs, and expenses

of all Class Counsel, including costs and expenses resulting from experts and other vendors retained by Class Counsel in connection with the litigation and all work done through the completion of the litigation, whatever date that may be.  Class Members will not be required to pay Class Counsel for any other attorneys' fees, costs or expenses out of their own pockets if the Settlement Agreement and the attorneys' fees and expenses payment is finally approved by the Court.  Class Counsel's attorneys' fees and expenses as approved by the Court will be paid out of the Maximum Settlement Amount.

14.     **Payment to LWDA:**  Because Class Members are also releasing their claims for civil penalties under PAGA, the parties have agreed that the Labor and Workforce Development Agency of the State of California (the "LWDA"), which is entitled to share in any recovery of civil penalties, will be paid $10,000.00 out of the Maximum Settlement Amount as the LWDA's share of the settlement of civil penalties.  This amount is subject to the Court's approval.

15.     **Costs of Administration:**   The reasonable costs of administering the Settlement, including the Settlement Administrator's fees and expenses, not to exceed $35,000.00, will be paid out of the Maximum Settlement Amount.

16.     **Plaintiff and Class Counsel's Support of the Settlement:**   Plaintiff as Class Representative and Class Counsel support the Settlement.  Their reasons include the risk of denial of class certification and a trial on the merits, the inherent delays and uncertainties associated with litigation, and the possibility that the Class is not entitled to any recovery.  Based on their experience litigating similar cases, Class Counsel believe that further proceedings in this case, including a trial and probable appeals, would be very expensive and protracted.  No one can confidently predict how the various legal questions at issue, including the amount of damages, would ultimately be resolved.  Therefore, upon careful consideration of all of the facts and circumstances of this case, Class Counsel believe that the Settlement is fair, reasonable, and adequate.

## WHAT ARE MY RIGHTS AS A CLASS MEMBER?

a.      **Participating in the Settlement:**  Plaintiff as Class Representative and Class Counsel represent your interests as a Class Member.  Unless you elect not to participate in the Settlement, you are a part of the Class, you will be bound by the terms of the Settlement and any final judgment that may be entered by the Court, and you will be deemed to have released the claims against Target and the other released parties described above.  As a member of the Class, you will not be responsible for the payment of attorneys' fees or reimbursement of litigation expenses unless you retain your own counsel, in which event you will be responsible for your own attorneys' fees and expenses.

b.      **Excluding yourself from the Settlement:**  If you do not wish to participate in the Settlement, you must complete the enclosed form of Election Not to Participate in Settlement ("Election Not to Participate").  The Election Not to Participate must be completed, signed by you and returned to the Settlement Administrator by not later than ▉▉▉▉ ▉, 2014.  A Class Member who fails to mail an Election Not to Participate in the manner and by the deadline specified above will be bound by all terms and conditions

of the Settlement and will receive a Settlement Share if the Settlement is approved by the Court, and the Judgment, regardless of whether he or she has objected to the Settlement.

Any person who files a complete and timely Election Not to Participate will, upon receipt, no longer be a member of the Settlement Class and will not be eligible to receive a Settlement Share, and he or she will not be included in calculating the Settlement Share of any other Class Member.  Any such person will retain the right, if any, to pursue at his or her own expense a claim against Target.  An incomplete or unsigned Election Not to Participate will be deemed invalid.

Consistent with Target policies, there will be no retaliation or adverse action taken against any Class Member who participates in the Settlement or elects not to participate in the Settlement.

c.     **Objecting to the Settlement:**  You may object to the terms of the Settlement before final approval.

**MAIL YOUR OBJECTION TO:**

Clerk of the Court
U.S. District Court, Northern District of California
1301 Clay Street, Suite 400 S
Oakland, California  94612

*Bernardino v. Target Corp.* Settlement Administrator
c/o [SETTLEMENT ADMINISTRATOR]

CLASS COUNSEL                              TARGET'S COUNSEL

Shaun Setareh                              Jeffrey D. Wohl
Law Office of Shaun Setareh                Rishi N. Sharma
9454 Wilshire Boulevard, Suite 711         Peter A. Cooper
Beverly Hills, California  90212           Paul Hastings LLP
Telephone: (310) 888-7771                  55 Second Street, 24th Floor
Facsimile: (310) 888-0109                  San Francisco, California  94105
Email: shaun@setarehlaw.com                Telephone:  (415) 856-7000
                                           Facsimile:  (415) 856-7100
                                           Email:  jeffwohl@paulhastings.com
                                                   rishisharma@paulhastings.com
                                                   petercooper@paulhastings.com

**DO NOT TELEPHONE THE COURT OR TARGET'S COUNSEL**.

Any written objection must state your full name, address, date of birth, and the dates of your employment at Target.  Written objections to the Settlement must be mailed by not later than              , 2014; written objections to the requests for the Class Representative Payment and the Class Counsel Fees and Expenses Payment must be mailed by not later than              , 2014.

9

    **d.**    **Participating in the final approval hearing:** If you submit a timely written objection, you may also appear or appear through counsel of your choice, paid at your own expense, and be heard at the time of the final approval hearing, if you wish to do so, but only if you indicate in your objection that you intend to appear.

    If the Court overrules your objection and you did not submit a timely and valid Election Not to Participate in the Settlement, you will be bound by the terms of the Settlement and receive a Settlement Share.

**Class Member Settlement Information Sheet:** The enclosed Class Member Settlement Information Sheet provides the information on which your Settlement Share will be calculated and an estimate of your Settlement Share if all Class Members are participating and all payment amounts are awarded; your actual Settlement Share may be more or less. If the information in the Class Member Settlement Information Sheet (including your mailing address) is correct, you need not return the form. If the information contained in the Class Member Settlement Information Sheet is not correct, correct the information on the sheet and return it to the Settlement Administrator. If you believe information is incorrect, state on the Class Member Settlement Information sheet what you contend is the correct information and (other than with respect to your name, your address, and the last four digits of your Social Security number), include any documentation you have to support that contention. The Class Member Settlement Information Sheet must be completed, signed by you, and returned to the Settlement Administrator postmarked by not later than _____, 2014. It is your obligation to keep the Settlement Administrator informed of any changes in your mailing address until your Settlement Share is received, should final approval of the Settlement be granted. Failing to provide the Settlement Administrator with any change of your mailing address may prevent you from receiving your Settlement Share.

**The Settlement Administrator's Address.** If applicable, send your corrected Class Member Settlement Information Sheet or your Election Not to Participate in Settlement to the Settlement Administrator at the following address:

*Bernardino v. Target Corp.* Settlement Administrator
c/o [SETTLEMENT ADMINISTRATOR]

## FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a final approval hearing on September 2, 2014, at 2:00 p.m., at the U.S. District Court, 1301 Clay Street, 4th Floor, Courtroom 1, Oakland, California 94612, to determine whether the Settlement should be finally approved as fair, reasonable, and adequate. The Court will also be asked to approve the requests for the Class Representative Payment and the Class Counsel Fees and Expenses Payment.

The hearing may be postponed without further notice to the Class. **It is not necessary for you to appear at this hearing. If you have submitted an objection and indicated that you intend to appear in the manner set forth above, you may appear at the hearing and be heard.**

## GETTING MORE INFORMATION

The above is a summary of the basic terms of the Settlement.  For the precise terms and conditions of the Settlement, you are referred to the detailed Settlement Agreement, which will be on file with the Clerk of the Court.  The pleadings and other records in this litigation including the Settlement Agreement, may be examined at the Clerk's Office, U.S. District Court, 1301 Clay Street, Suite 400 S, Oakland, California  94612, during the Clerk's normal business hours; or you may contact Class Counsel or the Settlement Administrator.

**PLEASE DO NOT TELEPHONE THE COURT OR TARGET'S COUNSEL FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS!  YOU MAY, HOWEVER, CALL ANY OF THE CLASS COUNSEL LISTED ABOVE.**

Dated: _____, 2014.

By Order of the Court

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ***MELITA MEYER, et al***., v.<br>***BEBE STORES, INC***. | Case No. 14-cv-00267-YGR |
| Related Case | Case No.: 14-CV-01968-YGR |

### NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**TO:** All persons in the United States who provided their mobile telephone number to bebe in one of bebe's stores at the point-of-sale between October 16, 2013 and January 21, 2014 and received an SMS or text message from bebe or on its behalf before January 22, 2014, and who have not validly opted-out of being part of the Settlement of this Action.

**IF YOU ARE A MEMBER OF THIS CLASS OF PERSONS, YOU SHOULD READ THIS NOTICE CAREFULLY BECAUSE IT WILL AFFECT YOUR LEGAL RIGHTS AND OBLIGATIONS.**

A settlement ("Settlement") has been proposed in the class action lawsuit referenced above pending in the U.S. District Court for the Northern District of California, Case No. 14-cv-00267-YGR ("Action"). If the Court gives final approval to the Settlement, bebe stores, inc. ("bebe") will provide for each Class Member who timely submits a valid and complete Claim Form a one-time payment of $20 ("Settlement Payment").

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a Settlement Payment under the Settlement is to visit the Settlement Website located at _____ to obtain a Claim Form. A Claim Form may be submitted on the Settlement Website at _____ or by email it to the Claims Administrator at _____. | Deadline:<br>_____<br>\_\_ |
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement, you will not receive a Settlement Payment under the Settlement. Excluding yourself is the only option that allows you to ever bring or maintain your own lawsuit against bebe regarding the allegations in the Action ever again. | Deadline:<br>_____ |

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **OBJECT** | You may write to the Court about why you object to (*i.e.*, don't like) the Settlement and think that it should not be approved.  Filing an objection with the Court will not exclude you from the Settlement, but you must still submit a claim form to be eligible for the Settlement Payment | Deadline: _____ |
| **GO TO THE "FAIRNESS HEARING"** | The Court will hold a "Fairness Hearing" to consider the Settlement, the request for attorneys' fees and costs of the lawyers who brought the Action, and the Plaintiff Melita Meyer's and Courtney Barrett's request for an incentive award for bringing the Action.<br><br>You may, but are not required to, speak at the Fairness Hearing about any objection you filed with the Court relating to the Settlement.  If you intend to speak at the Fairness Hearing, you must also include as part of your objection filed with the Court a "Notice of Intention to Appear" indicating your intent to do so. | Hearing Date: _____ |
| **DO NOTHING** | You will not receive a Settlement Payment under the Settlement.  You will also give up your right to object to the Settlement and you will not be able to be part of any other lawsuit about the allegations in the Action. | N/A |

- These rights and options—**and the deadlines to exercise them**—are explained in more detail below.
- The Court in charge of this Action has preliminarily approved the Settlement and must decide whether to give final approval to the Settlement.  The relief provided to Class Members will be provided only if the Court gives final approval to the Settlement and, if there are any appeals, after the appeals are resolved in favor of the Settlement.  ***Please be patient***.

### WHAT THIS NOTICE CONTAINS

**BACKGROUND INFORMATION** ............................................................................................ ##

1. Why did I get this notice?

2. What is this Action about?

3. Why is this a class action?

4. Why is there a Settlement?

5. How do I know if I am part of the Settlement?

6.      I'm still not sure if I am included.

**THE PROPOSED SETTLEMENT**.................................................................. ##

7.      What relief does the Settlement provide to the Class Members?

**HOW TO REQUEST A SETTLEMENT PAYMENT – SUBMITTING A CLAIM FORM**.................................................................. ##

8.      How can I get a Settlement Payment?

9       When will I get a Settlement Payment?

**THE LAWYERS IN THIS CASE AND THE REPRESENTATIVE PLAINTIFFS**.................................................................. ##

10.     Do I have a lawyer in this case?

11.     How will the lawyers be paid?

12.     Will the Representative Plaintiffs receive any compensation for their efforts in bringing this Action?

**DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS** .......................................... ##

13.     What am I giving up to obtain relief under the Settlement?

**HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT** ...................................... ##

14.     How do I exclude myself from the Settlement?

**HOW TO OBJECT TO THE SETTLEMENT**.................................................................. ##

15.     How do I tell the Court that I do not like the Settlement?

16.     What is the difference between excluding myself and objecting to the Settlement?

**FAIRNESS HEARING**.................................................................. ##

17.     What is the Fairness Hearing?

18.     When and where is the Fairness Hearing?

19.     May I speak at the hearing?

**ADDITIONAL INFORMATION**.................................................................. ##

20.     How do I get more information?

21.     What if my address or other information has changed or changes after I submit a Claim Form?

## BACKGROUND INFORMATION

### 1.   *Why did I get this notice?*

You received this Notice because a Settlement has been reached in the above-described Class Action. According to bebe's available records you might be a Class Member for this litigation and may be eligible for the relief detailed below.

This Notice explains the nature of the Action, the general terms of the proposed Settlement, and your legal rights and obligations.  To obtain more information about the Settlement, including information about how you can see a copy of the Settlement Agreement (which defines certain capitalized terms used in this Notice), see Section 20 below.

### 2.   *What is this action about?*

Plaintiffs Melita Meyer, Samantha Rodriguez and Courtney Barrett (the "Representative Plaintiffs") filed a lawsuit against bebe on behalf of themselves and all others similarly situated. Their complaint alleges that bebe sent SMS or text messages without the required consent to send such messages.

bebe denies each and every one of the allegations of unlawful conduct, the alleged lack of appropriate consent, any wrongdoing, and any liability whatsoever, and no court or other entity has made any judgment or other determination that bebe has violated the law or is liable to anyone that might be a Class Member.  bebe further denies that any Class Member is entitled to any relief and, other than for settlement purposes.  bebe denies any wrongdoing and any liability whatsoever.

**The issuance of this Notice is not an expression of the Court's opinion on the merits or the lack of merits of the Representative Plaintiffs' claims in the Action.**

For information about how to learn about what has happened in the Action to date, please see Section 20 below.

### 3.   *Why is this a class action?*

In a class action lawsuit, one or more people called "Representative Plaintiff(s)" (in this Action, Plaintiffs Melita Meyer, Samantha Rodriguez and Courtney Barrett) sue on behalf of other people who have similar claims.  For purposes of this proposed Settlement, the Court in which the Action was filed will resolve the issues for the Representative Plaintiffs as well as for all of the people they seek to represent (referred to as "Class Members").  The company sued in this Action, bebe, is called the Defendant.

### 4.   *Why is there a Settlement?*

The Representative Plaintiffs have made claims against bebe.  bebe denies that it has done anything wrong or illegal, and has admitted no liability.  The Court has **not** decided that the Representative Plaintiffs or bebe should win this Action.  Instead, both sides have agreed to

settle the Action to avoid the cost of a trial, to avoid the risks of litigation, and to avoid the Class Members being required to wait possible years for a resolution of the Action.

### 5. *How do I know if I am part of the Settlement?*

If you provided your mobile telephone number to bebe in one of bebe's stores at the point-of-sale (i.e., the cash register) between October 16, 2013 and January 21, 2014 <u>and</u> you received an SMS or text message from bebe or on its behalf before January 22, 2014, you may be eligible to receive a $20 Settlement Payment from bebe.  Excluded from the Class are bebe's Counsel, officers, directors, employees and agents, and those individuals who have validly opted-out.

### 6. *I'm still not sure if I am included.*

If you are still not sure whether you are included, you can submit a request for more information to the Claims Administrator for free help about whether you are a Class Member.  The email address of the Claims Administrator is _____.

## THE PROPOSED SETTLEMENT

### 7. *What relief does the Settlement provide to the Class Members?*

bebe has agreed to provide each Class Member with the option to receive either (a) a one-time payment of $20 from bebe made payable to you (a "Settlement Payment").  The terms and conditions of the Settlement Payment are described more fully in Section 2.1(a) of the Settlement Agreement and available on the Settlement Website at _____.

## HOW TO REQUEST A SETTLEMENT PAYMENT – SUBMITTING A CLAIM FORM

### 8. *How can I get a Settlement Payment?*

To qualify for a Settlement Payment, you must submit a valid and complete Claim Form by the deadline.  A Claim Form is available by clicking <u>HERE</u> or on the Internet at the website _____.  The Claim Form may be submitted electronically or via email.  Read the instructions carefully, fill out the form accurately and completely, and submit the completed Claim Form online on or before 11:59 p.m. (Pacific Standard Time) on _____.

### 9. *When will I get a Settlement Payment?*

As described in Sections 17 and 18 below, the Court will hold a Final Fairness hearing on _____ at _____, to decide whether to approve the Settlement.  If the Court approves the Settlement, after that, there may be appeals.  It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  You can check on the progress of the case on the website dedicated to the Settlement at _____. *Please be patient.*

## THE LAWYERS IN THIS CASE AND THE REPRESENTATIVE PLAINTIFF

### 10.   *Do I have a lawyer in this case?*

The Court has ordered that the law firms of Strategic Legal Practices, APC, Mazie Slater Katz & Freeman, LLC, Kearney Littlefield LLP and EcoTech Law Group ("Class Counsel") will represent the interests of all Class Members.  You will not be separately charged for these attorneys.  If you want to be represented by your own attorney, you may hire one at your own expense.

### 11.   *How will the lawyers be paid?*

bebe has agreed to pay Class Counsel's attorneys' fees and costs up to $283,000, subject to approval by the Court.  You will not be required to pay any attorneys' fees or costs for Class Counsel's attorneys' fees and costs unless you retain your own personal attorney.

### 12.   *Will the Representative Plaintiffs receive any compensation for their efforts in bringing this Action?*

Representative Plaintiff Melita Meyer will request a service award (also known as an "incentive award") of up to $2,000 for her services as a subclass representative and Plaintiff Courtney Barrett will request a service award of up to $1,000 for her services as a subclass representative; Plaintiff Samantha Rodriguez will not receive a service award but bebe has agreed to waive its right to seek reimbursement for its costs relating to the Action filed by Samantha Rodriguez. The Court will make the final decision as to the amount to be paid to the Representative Plaintiffs.

## DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS

### 13.   *What am I giving up to obtain relief under the Settlement?*

If the Court approves the proposed Settlement, unless you timely exclude yourself from the Settlement, you will be releasing any claim that you may have in the Action against bebe.  This generally means that you will not be able to file a lawsuit, continue prosecuting a lawsuit, or be part of any other lawsuit against bebe regarding the allegations in the Action.  The Settlement Agreement, available on the Settlement Website at _____ contains the full terms of the Settlement Agreement and Release.

## HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT

### 14.   *How do I exclude myself from the Settlement?*

You may exclude yourself from the Class and the Settlement.  If you want to be excluded, you must send a letter or postcard stating: **(a)** the name and case number of the Action "*Meyer, et al., v. bebe stores, inc.*, Case No. 14-cv-00267-YGR"; **(b)** your full name, address, and mobile telephone number (email address optional); and **(c)** a statement that you do not wish to

participate in the Settlement, postmarked no later than _____ to the Claims Administrator at:

*Meyer, et al., v. bebe stores, inc. Settlement*

c/o _____

_____

_____

If you timely request exclusion from the Class, you will be excluded from the Class, you will not be bound by the judgment entered in the Action, you will not be precluded from prosecuting any timely, individual claim against bebe based on the conduct complained of in the Action, and you will not be entitled to receive a Settlement Payment as contemplated by the Settlement.

## HOW TO OBJECT TO THE SETTLEMENT

**15.   *How do I tell the Court that I do not like the Settlement?***

At the date, time, and location stated in Section 18 below, the Court will hold a Fairness Hearing to determine if the Settlement is fair, reasonable, and adequate, and to also consider Class Counsel's request for an award of attorneys' fees and costs, and an incentive or service award to the Representative Plaintiffs.

If you wish to object to the fairness, reasonableness, or adequacy of the Settlement Agreement and Release or the proposed Settlement, you must file a written objection with the Court no later than _____.

Any written objections must include: (a) the name and case number of the Action "*Meyer v. bebe stores, inc., et al.*, Case 14-cv-00267"; (b) the full name, address, and telephone number of the person objecting (email address is optional); (c) the words "Notice of Objection" or "Formal Objection"; and (d) in clear and concise terms, the objection and legal and factual arguments supporting the objection; and (e) facts showing that the person objecting is a Class Member. The written objection must be signed and dated, and must include the following language immediately above the signature and date "I declare under penalty of perjury under the laws of the United States of America that the foregoing statements regarding class membership are true and correct to the best of my knowledge."

**<u>IF YOU DO NOT TIMELY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FAIRNESS HEARING.</u>**

If you file a written objection, you may appear at the Fairness Hearing, either in person or through personal attorney hired at your expense, to object to the Settlement Agreement.  You are not required, however, to appear.  If you, or your attorney, intend to make an appearance at the Fairness Hearing, you must include on your timely and valid objection a statement substantially similar to "Notice of Intention to Appear."

If you intend to appear at the Fairness Hearing through your attorney, you must also identify the attorney(s) representing you who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which your attorney is

admitted.  Also, if you intend to request the Court to allow you to call witnesses at the Fairness Hearing, such request must be made in your written brief, which must also contain a list of any such witnesses and a summary of each witness's expected testimony.

| 16. | *What is the difference between excluding myself and objecting to the Settlement?* |
|---|---|

Objecting is simply telling the Court that you don't like something about the Settlement.  You can object only if you stay a Class Member for the Settlement.  Excluding yourself is telling the Court that you don't want to be part of the Settlement or a Class Member for the Settlement.  If you exclude yourself, you have no basis to object because the Settlement will no longer affect you.

## FAIRNESS HEARING

| 17. | *What is the Fairness Hearing?* |
|---|---|

The Court has preliminarily approved the Settlement and will hold a hearing to decide whether to give final approval of the Settlement.  The purpose of the Fairness Hearing will be for the Court to determine whether the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Class Members for the Settlement; to consider the award of attorneys' fees and expenses to Class Counsel; and to consider the request for an incentive or service award to the Representative Plaintiffs.

| 18. | *When and where is the Fairness Hearing?* |
|---|---|

On _____, 2017, a hearing will be held on the fairness of the proposed Settlement.  At the hearing, the Court will be available to hear any objections and arguments concerning the proposed Settlement's fairness.  The hearing will take place before the Honorable Yvonne Gonzalez Rogers in Courtroom 1, 4th Floor of the U.S. District Court for the Northern District of California, located at 1301 Clay Street, Oakland, CA 94612.  The hearing may be postponed to a different date or time or location without notice.  Please check the Settlement Website at _____ for any updates about the Settlement generally or the Fairness Hearing specifically.  If the date or time of the Fairness Hearing changes, an update to the Settlement Website will be the only way you will be informed of the change.

| 19. | *May I speak at the hearing?* |
|---|---|

At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

You may attend, but you do not have to.  As described above in Section 15, you may speak at the Fairness Hearing only if you have timely filed (a) an objection and (b) a Notice of Intent to Appear.

If you have requested exclusion from the Settlement, however, you may not speak at the Fairness Hearing.

**ADDITIONAL INFORMATION**

**20.** *How do I get more information?*

To see a copy of the Settlement Agreement, the Court's Order Granting Preliminary Approval of Class Settlement, Class Counsel's application for attorneys' fees and costs, and the Operative Complaint filed by Plaintiffs Melita Meyer, Samantha Rodriguez and Courtney Barrett in the Action, please visit the Settlement Website at _____.  Alternatively, you may contact the Claims Administrator at the email address _____.

This description of this Action is general and does not cover all of the issues and proceedings that have occurred.  In order to see the complete file, please visit www.pacer.gov or the Clerk's office at 1301 Clay Street, Oakland, CA 94612.  The Clerk will tell you how to obtain the file for inspection and copying at your own expense.

**21.** *What if my address or other information has changed or changes after I submit a Claim Form?*

It is your responsibility to inform the Claims Administrator of your updated information.  You may do so at the address below:

*Meyer, et al., v. bebe stores, inc. Settlement*
c/o _____
_____
_____
[email address]
****

**EXCEPT AS OTHERWISE PROVIDED ABOVE,**
**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO**
**THE CLERK OF THE COURT OR THE JUDGE.**